Bernard HORINEK, Appellant,

v.

**BOARD OF COUNTY COMMISSIONERS OF KAY COUNTY, Appellee.**

No. 57987.

Court of Appeals of Oklahoma, Division No. 4.

July 5, 1983.

Released for Publication by Order of Court of Appeals Aug. 5, 1983.

Walt Brune, Boettcher, Leonard & Brune, Ponca City, for appellant.

Sarah J. Rhodes, Abowitz & Welch, Oklahoma City, for appellee.

BRIGHTMIRE, Presiding Judge.

This action was brought by a Kay County rancher, Bernard Horinek, to recover damages inflicted on his land and cattle by more than 1,500 gallons of diesel fuel which a county employee is alleged to have negligently allowed to overflow from an underground tank and run across plaintiff's land.

The trial court sustained a demurrer to plaintiff's petition and dismissed his action on the ground that the petition disclosed, on its face, that the cause of action was barred by the statute of limitations. The rancher appeals.

The crux of this dispute is whether plaintiff, in seeking relief for the tort, was obliged to comply with the provisions of what is called "The Political Subdivision Tort Claims Act."[1] We hold he was.

Plaintiff alleged that the injurious diesel fuel spillage occurred January 16, 1980—some 19 months after the tort claims act in question became effective. Section 156 of that act specifies that one having a claim against a covered political subdivision—in this case the county—must give written notice of it to the county clerk within four months (120 days) after the loss occurs, and an action must be commenced within six months after notification by the clerk that

1. 51 O.S.Supp.1978 §§ 151–170.

the claim has been denied.[2] The statute says that failure to give the initial notice bars the claim and no action shall be maintained unless such notice is timely given and an action commenced within the six months post-rejection period.

Here the petition discloses that the claim arose January 16, 1980, and the action was commenced some 15 months later—on April 3, 1981. There is no allegation of compliance or attempted compliance with 51 O.S. Supp.1978 § 156, nor of any excusatory facts.

Plaintiff relies on *Terry v. Edgin,* Okl., 598 P.2d 228 (1979), for the idea that the Political Subdivision Tort Claims Act does not provide an exclusive remedy to victims of county tort-feasance. *Terry,* however, does not proffer such a suggestion. On the contrary the opinion specifically mentions that the accident there occurred before the enactment of 51 O.S.Supp.1978 §§ 151–170, and therefore the act had "no application" to the case.

The language of subject act is not pregnant with reason or basis for the notion that it is intended to provide other than an exclusive remedy for the type of claim being made by plaintiff. Section 155 sets out some 20 specific exemptions from liability and the obvious implication of this is that all claims expressly not exempt come under the act.

The constitutionality of the special limitation period was upheld in *Reirdon v. Wilburton Board of Education,* Okl., 611 P.2d 239 (1980).

The judgment appealed is affirmed.

DE MIER and STUBBLEFIELD, JJ., concur.

---

2. Of course, there are other detailed provisions, but none relevant here.