Ray Perry WILLBOURN, Jr., Appellant,

v.

The CITY OF TULSA, Oklahoma, a municipal corporation; Sgt. C.W. Jordan, an individual; Sgt. Dave Fuller, an individual; Cpl. Mike Huff, an individual; Officer Gary Jones, an individual; Officer Bob Fagin, deceased, an individual, by and through his personal representative, Appellees.

No. 60842.

Supreme Court of Oklahoma.

July 15, 1986.

Wesley E. Johnson, Tulsa, for appellant.

David L. Pauling, Tulsa, for appellees.

KAUGER, Justice.

The issues presented are whether a demurrer to the petition of the appellant, Ray Perry Willbourn, Jr., for failure to comply with the Political Subdivision Tort Claims Act, 51 O.S.1981 § 156 (Act) should have been sustained; and whether the trial court was vested with jurisdiction to decide 42 U.S.C. § 1983 actions. We find that Willbourn did not substantially comply with the Act, and that the trial court erred in refusing to hear the § 1983 claim.

On May 6, 1981, Willbourn was arrested by officers of the Tulsa Police force under a valid felony warrant which contained allegations of first degree murder, shooting with intent to kill, illegally carrying a firearm where liquor was sold, and carrying a firearm after a previous conviction of a felony. During the course of his arrest, Willbourn was wounded severely.

On May 6, 1982, Willbourn filed suit in the district court of Tulsa County alleging that the Tulsa police were guilty of assault, battery and intentional infliction of emotional distress. He also alleged a violation of his civil rights under 42 U.S.C. § 1983. On June 30, 1982, the trial court finding that tort actions must be brought in compliance with the Political Subdivision Tort Claims Act, 51 O.S.1981 § 156, and that Willbourn had failed to do so, sustained the police officers' demurrer to the tort claim with prejudice. The trial court also determined that it had no duty to exercise jurisdiction over the federal constitutional issues presented by Willbourn's § 1983 claim because it found no nexus with Oklahoma law, and the 1983 action was dismissed without prejudice.

I

## THE APPELLANT FAILED TO COMPLY SUBSTANTIALLY WITH THE POLITICAL SUBDIVISION TORT CLAIMS ACT, 51 O.S.1981 § 156

The issue of whether the trial court erred in the sustaining of the police officer's demurrer to the petition was not briefed by Willbourn. However, the police officers do address it, arguing that Willbourn failed substantially to comply with 51 O.S.1981 § 156.[1] We agree.

1. It is provided by 51 O.S.1981 § 156:
 "A. Any person having a claim against a political subdivision or an employee within the scope of this act shall petition the political subdivision for any appropriate relief including the award of money damages.
 B. A claim against a political subdivision or employee shall be forever barred unless notice thereof is filed with the clerk of the governing body of the political subdivision within

one hundred twenty (120) days after the loss occurs.
 C. The written notice of claim shall state the time, place and circumstances of the claim and the amount of compensation or other relief demanded. Failure to state either the time, place, circumstances and amount of compensation demanded shall not invalidate the notice unless the claimant declines or refuses to furnish such information within

■ If recovery is sought under the Political Subdivision Tort Claims Act, the petition must factually allege either actual or substantial compliance with § 156 of the Act to withstand a demurrer.[2] Section 156(B), (C) provides that valid notice must be given and the action commenced within six months after the claim is denied. Because Willbourn failed to meet these requirements, his petition is facially flawed. Willbourn concedes that he did not comply with the notice provisions of the Act, and that he did not initiate his action until May 6, 1982. His suit was filed six months out of time, therefore, the court was correct in sustaining the demurrer to the petition.

## II

### STATE AND FEDERAL COURTS HAVE CONCURRENT JURISDICTION IN 1983 ACTIONS

■ If the same type of claim, if arising under state law, is enforceable in state court, state courts may not arbitrarily refuse to enforce the federal claim.[3] The United States Supreme Court held in *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492, 503 (1961) and more recently in *Wilson v. Garcia*, —— U.S. ——, ——, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254, 268 (1985) that the remedy provided by § 1983 must be independently enforceable even if a parallel state remedy is available. It was the ineffectiveness of state remedies which led Congress to enact the Civil Rights Act. Consistent with our system of judicial federalism, which provides litigants with a double-barreled system of judicial

protection,[4] the remedy provided by § 1983 may be available even if the state remedy is barred by the statute of limitations under the Political Subdivision Tort Claims Act.

We express no opinion on the merits of Willbourn's civil rights action, however, it was error for the trial court to refuse to hear his § 1983 claim.

AFFIRMED IN PART; REVERSED IN PART.

SIMMS, C.J., DOOLIN, V.C.J., and LAVENDER, HARGRAVE, OPALA, WILSON and SUMMERS, JJ., concur.

---

ninety (90) days after demand by the political subdivision. No action for any cause arising under this act shall be maintained unless valid notice has been given and the action is commenced within six (6) months after notification of denial of the claim by the clerk of the political subdivision. The time for giving written notice of claim does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity...."

This statute was amended in 1984. The notice requirement was shortened to 90 days. If the 90 days has passed, a claim may be presented

within one year after the loss occurs, however, any judgment received shall be reduced by 10%.

2. *Lucas v. Ind. Schl. Dist. No. 55,* 674 P.2d 1131–32 (Okla.1983).

3. *Martinez v. California,* 444 U.S. 277, 283, 100 S.Ct. 553, 558, 62 L.Ed.2d 481, 488 (1980) reh. den. 445 U.S. 920, 100 S.Ct. 1285, 63 L.Ed.2d 606 (1980); *Testa v. Katt,* 330 U.S. 386, 394, 67 S.Ct. 810, 814, 91 L.Ed. 967, 972, 172 A.L.R. 225 (1947).

4. Kovnat, "Constitutional Torts and the New Mexico Tort Claims Act", 13 N.M.L.Rev. 1, 19 (1983).