Carol SHANBOUR, and Michael
Shanbour, Appellants,

v.

Robert T. HOLLINGSWORTH, State of
Oklahoma ex rel. Department of
Transportation, Appellees.

No. 83220.

Supreme Court of Oklahoma.

May 28, 1996.

R. Robyn Assaf, Oklahoma City, for Appellants.

Susan Loving, Attorney General, Lisa Tipping Davis, Assistant Attorney General, Oklahoma City, for Appellees.

ALMA WILSON, Chief Justice.

The first impression issue is whether the 180–day time period for filing a governmental tort claims action may be extended for excusable neglect pursuant to 12 O.S.1991, § 2006(B)(2). We hold that the provisions in 12 O.S.1991, § 2206(B)(2) are not applicable to extend the 180–day time period for filing a governmental tort claims action in 51 O.S. 1991, § 157(B).

On January 14, 1993, appellant, Carol Shanbour, was driving southbound on Tinker Diagonal in Midwest City when a snowplow, operated by an employee of the Department of Transportation, Robert T. Hollingsworth, veered into the southbound lane and collided with the passenger side of Shanbour's vehicle. On January 29, 1993, notice of Shanbour's tort claim was received by the Risk Management Division of the Office of Public Affairs. The State paid Shanbour for damage to her vehicle. Subsequently on October 28, 1993, Shanbour filed a petition in the district court of Oklahoma County to recover damages, including medical, loss of consortium and punitive damages for wanton disregard of Shanbour's claim, from the State and Hollingsworth.

The State moved for summary judgment, contending that the 180 days within which Shanbour could file her governmental tort claims action expired on October 26, 1993, and that Robert T. Hollingsworth was immune from negligence liability. Shanbour combined her response to the summary judgment motion with a motion for enlargement of time. Shanbour argued that justice requires a two day enlargement of time to commence her governmental tort claims action by reason of excusable neglect under 12 O.S.1991, § 2006(B)(2). The district court granted summary judgment in favor of the defendants, concluding that the action

against the State was barred by the running of the 180–day time limitation in 51 O.S.1991, § 157 and that Hollingsworth is immune from liability for negligence occurring in the course of his employment for the State pursuant to 51 O.S.1991, § 152.1. Shanbour appealed the summary judgment in favor of the State, but did not appeal the summary judgment in favor of Hollingsworth. The Court of Appeals reversed the summary judgment in favor of the State. We previously granted certiorari.

■ Summary judgment is appropriate only when the pleadings and other documents submitted for summary judgment purposes show that there is no substantial controversy as to any material fact. Rule 13, Rules for the District Courts of Oklahoma, 12 O.S.1991, ch. 2, app. Whether an action is barred by the applicable statutory time limitation is a question of fact to be determined upon the evidence in each case.[1] Summary judgment is appropriate where there is no dispute as to the time the limitation period began to run or the running of the limitation period.[2]

There is no controversy as to the running of the 180–day limitation period in this case. At every stage of this governmental tort claim, Shanbour has contended that the notice of claim was deemed denied on April 29, 1993, by operation of 51 O.S.1991, § 157(A). That is, Shanbour does not dispute the material facts that the 180–day time limitation in 51 O.S.1991, § 157(B) began to run on April 30, 1993, and expired on October 26, 1993. Shanbour agrees with the State that this governmental tort claims action, filed October 28, 1993, was commenced two days outside the 180–day time period provided in § 157(B). Accordingly, summary adjudication of the legal issue was proper.

On summary judgment, Shanbour requested that the time within which to commence this action should be enlarged under 12 O.S. 1991, § 2006(B)(2)[3] because her attorney had

1. *MBA Commercial Construction, Inc. v. Roy J. Hannaford Company, Inc.*, 818 P.2d 469, 472 (Okla.1991).

2. *Id.*

3. Section 2006(B)(2) provides:

B. ENLARGEMENT. When by this title or by a notice given thereunder by order of court an act is required or allowed to be done at or

to undergo emergency, non-elective surgery immediately before October 26, 1993. The district court ruled it was without subject-matter jurisdiction to extend the § 157(B) time period. The Court of Appeals, however, found legislative intent that the district courts have the authority and power to grant reasonable extensions of the 180–day time period in § 157(B) under 12 O.S.1991, § 2006(B)(2) because the Governmental Tort Claims Act is not among the carefully listed seven statutes relating to time periods which may not be enlarged for excusable neglect.

■ Resolution of the issue presented does not require a search for legislative intent in 12 O.S.1991, § 2006(B)(2). We determined in *Cruse v. Atoka County Board of Commissioners*[4] that the Legislature consented to judicial enforcement of tort claims in the manner narrowly structured by the procedural requirements of §§ 156 and 157. *Cruse* determined that: 1) compliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government; 2) judicial power is invoked by the timely filing of the governmental tort claims action pursuant to § 157; and, 3) expiration of the 180–day time period in § 157(B) operates to bar judicial enforcement of the claim against

the government to which the Legislature waived sovereign immunity.[5]

■ The Governmental Tort Claims Act[6] does not refer to 12 O.S.1991, § 2006, except generally in 51 O.S.1991, § 164[7] which provides that all Oklahoma law "shall apply to and govern all actions brought under the provisions of this act." *Cruse* concluded that § 164 is not triggered until judicial power is invoked by the timely filing of a governmental tort claims action.[8] Under *Cruse*, 12 O.S. 1991, § 2006(B)(2) is not applicable to extend the 180–day time period for filing a governmental tort claims action in 51 O.S.1991, § 157(B).

The summary judgment briefs herein were filed before *Cruse* was published. Shanbour argued that *Horinek v. Board of County Commissioners of Kay County*[9] permits time limitations to be enlarged for excusable neglect and that *Reirdon v. Wilburton Board of Education*[10] refused to construe the Governmental Tort Claims Act so as to defeat the ends of justice. *Horinek* determined that the remedies provided in the Political Subdivision Tort Claims Act[11] were exclusive and compliance with the notice of claim and commencement of action provisions must be had.[12] *Reirdon* determined that substantial compliance with the notice of claim provisions in § 156 is sufficient unless the object

within a specified time, the court for cause shown may at any time in its discretion:

2. Upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Sections 653, 655, 698, 990, 1031.1, 1032 and 1038 of Title 12 of the Oklahoma Statutes, except to the extent and under the conditions stated in those sections.

4. 910 P.2d 998, 1001–1002 (Okla.1995).

5. *Cruse v. Atoka County Board of Commissioners*, 910 P.2d at 1004–1005.

6. 51 O.S.1991, §§ 151, et seq.

7. 51 O.S.1991, § 164 provides:

The laws and statutes of the State of Oklahoma and the Rules of Civil Procedure, as promulgated and adopted by the Supreme Court of Oklahoma insofar as applicable and to

the extent that such rules are not inconsistent with the provisions of this act, shall apply to and govern all actions brought under the provisions of this act.

8. *Cruse v. Atoka County Board of Commissioners*, 910 P.2d at 1005.

9. 667 P.2d 479 (Okla.App.1983).

10. 611 P.2d 239, 241 (Okla.1980).

11. 51 O.S.Supp.1978, §§ 151, et seq.

12. *Horinek v. Board of County Commissioners of Kay County*, 667 P.2d at 480. In affirming the county's demurrer to the petition, the Court of Appeals said there was "no allegation of compliance or attempted compliance with 51 O.S.Supp. 1978 § 156, nor of any excusatory facts." By this, the Court of Appeals was simply emphasizing that Horinek had made absolutely no attempt to comply with the notice provisions of § 156.

of the statute has been defeated.[13] Neither of these cases dealt with the issue herein. Both these cases are inapposite.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.**

HODGES, LAVENDER, OPALA, SUMMERS and WATT, JJ., concur.

KAUGER, V.C.J., and SIMMS and HARGRAVE, JJ., concur in result.

---

13.  *Reirdon v. Wilburton Board of Education,* 611 P.2d at 241. The facts and circumstances in *Reirdon* showed that notice of a claim mailed to the president of the school board rather than the clerk of the school board was sufficient to fulfill the object of the statute. Thus, this Court said it would not construe the statute so as to "defeat the ends of justice."