1999 OK CIV APP 84

**Judith L. RAMSEY, Plaintiff/Appellant,**

v.

**CITY OF TULSA, Defendant/Appellee.**

**No. 92,404.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 21, 1999.

Gerald W. Wright, Tulsa, Oklahoma, For Appellant.

Valerie J. Evans, Tulsa, Oklahoma, For Appellee.

## *OPINION*

GARRETT, Judge:

¶1 Plaintiff/Appellant, Judith I. Ramsey (Ramsey), sued Defendant/Appellee, City of Tulsa (City), for damages for personal injuries. Previously, she filed a notice of a claim for personal injuries with City on October 2, 1997. She was an employee of City. She alleged she was injured on March 18, 1997, when she fell on a water covered ramp in the basement of City Hall in Tulsa, Oklahoma, on her way to her automobile. She alleged City failed to maintain the pedestrian ramp and parking lot and did not exercise the requisite degree of care, and that she sustained injuries in excess of $10,000.00. City filed a motion to dismiss on the grounds that Ramsey's right to maintain this action had previously expired under the Oklahoma Governmental Tort Claims Act (GTCA), specifically, 51 O.S. Supp.1995 § 157(B), requiring timely notice and commencement of suit within 180 days after denial of the claim.

¶2 On December 9, 1998, the trial court filed its order dismissing Ramsey's case. The court ruled the case is governed by the GTCA. However, the court held it lacked jurisdiction of Ramsey's lawsuit because it was not commenced in accordance with the conditions precedent of the GTCA. This appeal followed.

¶3 Before filing her claim under the GTCA, Ramsey had filed a workers' compensation claim for this injury.[1] She alleges she filed her Form 3 in the Workers' Compensation Court on May 14, 1997, and that the trial court denied her claim in an order filed September 22, 1997. She also alleges she appealed that decision to the Workers' Compensation Court *En Banc* on October 2, 1997, and the Court *En Banc,* on August 10, 1998, affirmed the trial court's order denying her claim.

■ ¶4 For reversal, Ramsey raises the following issues:

1. Whether the tolling of the 180–day commencement of action period allows for the adjudication of the exclusive remedy issue to be resolved for the parties, while allowing Ramsey to maintain her alternative action against City without any prejudice to City.

2. Whether, due to the time elapsed for the Workers' Compensation Court to fully adjudicate the issue of whether Ramsey's exclusive remedy was under the Workers' Compensation Act, the 180–day commencement period was tolled until August 10, 1998, making her district court action timely.

3. Whether Ramsey has complied with 51 O.S. § 151 et seq. by filing her district court action on September 25, 1998.

¶5 A claimant seeking relief under the GTCA against the state or a political subdivision must file a written notice with the office of the clerk of the governing body within one year of the date the loss occurs. 51 O.S. Supp.1992 § 156(B). A claim is deemed denied if the state or political subdivision fails to approve or deny the claim within ninety (90) days, unless it was denied before the end of the 90 day period, or a settlement was reached with the claimant. If the state or political subdivision approves or denies the claim in 90 days or less, it must give notice within 5 days of the action at the address listed on the claim. 51 O.S. Supp.1995 § 157(A). A claimant may not maintain an action in district court unless valid notice has been given and the action is commenced within 180 days after the denial of the claim. 51 O.S. Supp.1995 § 157(B).[2]

---

1. The fact Ramsey filed a workers' compensation claim is undisputed by the parties. The parties also appear to agree on the dates of filings and orders in the Workers' Compensation Court. However, the appellate record in this case contains no copies of Workers' Compensation Court documents. Additionally, we do not know the reason given by the court for denying Ramsey's workers' compensation claim.

2. For purposes of attempting a settlement, extensions of the date of denial, under § 157(A), or the time in which an action must be commenced, under § 157(B), must be agreed to in writing by the claimant and the state or political subdivision. The time for commencing an action under § 157(B) cannot be extended longer than two years from the date of the loss. In the instant

¶ 6 In support of its motion to dismiss, City alleged Ramsey filed the notice of claim on October 2, 1997, and the claim was therefore deemed denied on December 31, 1997, under § 157(A). It argued the action should have been filed no later than June 29, 1998, which is 180 days after the date of denial. Therefore, City contended Ramsey's petition, filed September 25, 1998, was clearly out of time, and her right to maintain the action was barred.

¶ 7 In response, Ramsey contended:

Due to the time elapsed for the Workers' Compensation Court to fully adjudicate the issue of whether Plaintiff's exclusive remedy was under the Workers' Compensation Act, the 180 day commencement period was tolled until August 10, 1998, making Plaintiff's action herein timely.

In addition, Ramsey contended she gave notice of her claim under the GTCA in conjunction with her workers' compensation appeal, only to preserve her possible negligence claim against City. She also argued filing her action on September 25, 1998, did not prejudice City, and City had not alleged it was prejudiced. She contended City was aware of her injury at the time she filed her Form 3 in the Workers' Compensation Court on May 14, 1997. She argued this gave City ample opportunity to investigate, provide for correction of dangerous conditions, to promote settlement and prepare fiscally to compensate her, which is the underlying purpose of the statutorily required notice, citing *Conway v. Ohio Cas. Ins. Co.,* 1983 OK 83, 669 P.2d 766.[3] She argued she had substantially complied with the notice requirements of the GTCA, and that tolling the 180–day commencement period allows time for adjudication of the "exclusive remedy issue" to be resolved, while allowing her to maintain her alternative action against City.

case, neither party has alleged an agreement to extend these time periods.

3. *Conway* was superseded by statute. *Minie v. Hudson,* 1997 OK 26, 934 P.2d 1082. Moreover, *Conway* deals only with timely notice of the claim and does not address commencement of the action. Also, there was no issue regarding the tolling of the notice period.

4. 51 O.S.1991 § 164 provides:

¶ 8 Ramsey contends that under Oklahoma law the 180–day commencement period was tolled while her workers' compensation claim was being adjudicated. We do not agree. Jurisdiction is invoked only by timely notice and filing of an action under the GTCA. See *Shanbour v. Hollingsworth,* 1996 OK 67, 918 P.2d 73; *Cruse v. Atoka County Board of Commissioners,* 1995 OK 143, 910 P.2d 998. Although 51 O.S.1991 § 164[4] provides that Oklahoma law shall apply to actions under the GTCA, if not inconsistent with its provisions, Ramsey fails to cite any authority that commencement of the GTCA action is tolled while pursuing a claim in the workers' compensation court. Moreover, Ramsey has not cited any statutory provision under the GTCA, except as noted for purposes of attempting settlement, that tolls the commencement period for invoking the court's jurisdiction.

¶ 9 The above and foregoing discussion should not be understood as being based on the opinion of this Court that Ramsey would have a cause of action in tort against the City if it were not time barred. We express no opinion in that respect.

¶ 10 The trial court correctly sustained City's Motion to Dismiss.

¶ 11 AFFIRMED.

BUETTNER, P.J., and JOPLIN, J., concur.

The laws and statutes of the State of Oklahoma and the Rules of Civil Procedure, as promulgated and adopted by the Supreme Court of Oklahoma insofar as applicable and to the extent that such rules are not inconsistent with the provisions of this act, shall apply to and govern all actions brought under the provisions of this act. [Footnote omitted.]