2014 OK CIV APP 23

Brandon J. GRIFFEY,
Plaintiff/Appellant,

v.

KIBOIS AREA TRANSIT SYSTEMS (KATS), a public transportation system; and Geico Indemnity Company, a foreign insurance company, Defendants/Appellees.

No. 111156.

Court of Civil Appeals of Oklahoma,
Division No. 4.

June 19, 2013.

Certiorari Denied Sept. 30, 2013.

David R. ("Rusty") Smith, Brennan, Smith & Cherbini, PLLC, Muskogee, OK, for Plaintiff/Appellant.

Gerard F. Pignato, Pignato, Cooper, Kolker & Roberson, P.C., Oklahoma City, OK, for Defendants/Appellees.

P. THOMAS THORNBRUGH, Presiding Judge.

¶1 Plaintiff Brandon J. Griffey appeals the summary judgment of the district court that his suit against Kibois Area Transit Systems (KATS) was barred by the notice and jurisdiction provisions of the Governmental Tort Claims Act (GTCA) contained in 51 O.S. Supp.2006 §§ 156–157. On review, we affirm the judgment of the district court.

## BACKGROUND

¶2 On June 17, 2010, Griffey was involved in a collision with a bus operated by KATS. On June 29, 2010, his counsel sent a letter to KATS, stating that the accident occurred on June 17; that Griffey had suffered injury and damages resulting from the collision; that the bus driver was negligent; and that counsel was representing Griffey. The letter included a copy of a police report regarding the incident. KATS did not respond to this letter but, on July 2, 2010, KATS' insurer called Griffey's counsel and left a message with a "claim number."

¶3 There is no record of further interaction between the parties until almost a year later, when, on June 8, 2011, Griffey's counsel sent a second letter to KATS, styled as a "notice of claim." KATS' insurer then contacted Griffey's counsel, noting that it had received the June 8, 2011 notice, and that the notice was "adequate" pursuant to the GTCA. On October 20, 2011, Griffey filed suit against KATS. On November 16, 2011, KATS filed a motion to dismiss or motion for summary judgment, arguing that Griffey had given notice of his claim via the June 29, 2010 letter; that the claim was deemed denied for lack of response 90 days later; and that Griffey had failed to file suit in the 180–day window after denial provided by 51 O.S.2011 § 157.

¶4 The district court granted summary judgment to KATS on the grounds that Griffey had failed to file suit within 180 days of the constructive denial of his claim. The court certified this order for appeal pursuant to 12 O.S.2011 § 994(A).

## STANDARD OF REVIEW

¶5 "[C]ompliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tor-

tious wrong by the government." *Shanbour v. Hollingsworth,* 1996 OK 67, ¶ 7, 918 P.2d 73, 75. "[J]udicial power is invoked by the timely filing of the governmental tort claims action pursuant to § 157, and ... expiration of the 180–day time period in § 157(B) operates to bar judicial enforcement of the claim against the government to which the Legislature waived sovereign immunity." *Id.* Questions concerning a district court's jurisdictional power invoke the *de novo* standard of review. *See Jackson v. Jackson,* 2002 OK 25, ¶ 2, 45 P.3d 418, 422.

## ANALYSIS

### I. "NOTICE" AND THE JUNE 8, 2011 LETTER

■ ¶ 6 Title 51 O.S. § 157 contains two critical periods. First, a 90–day "period for approval" begins on the filing of a notice of claim. During this time, the governmental entity evaluates the claim and may approve or deny it. If this 90–day period expires without response from the governmental entity, the claim is deemed denied and the claimant must file suit within the following 180 days. Griffey argues that his June 29, 2010 letter did not trigger the 90–day "approval period" because it did not constitute notice of a claim.

¶ 7 The notice statute in force at the time the first letter was sent, 51 O.S. Supp.2006 § 156(E), provided:

The written notice of claim to the state or a political subdivision shall state the **date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address and telephone number of the claimant, and the name, address and telephone number of any agent authorized to settle the claim.** unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision. (Emphasis added).[1]

¶ 8 Applying the exemption of the second part of § 156(E) to the requirements for notice, the absolute minimum for compliant notice is the identity of the state agency or agencies involved; the name, address and telephone number of the claimant; and the name, address, and telephone number of any agent authorized to settle the claim.

■ ¶ 9 We are mindful that the structure of the GTCA notice procedure allows for a state entity to take no action upon receiving notice, and indeed *not even to acknowledge that it has received notice,* and yet it requires strict enforcement of a 90–plus 180–day jurisdictional limitation period after notice. This process places any party that writes to a state entity regarding an injury in jeopardy of having its letter declared a "claim notice" that triggers the 270–day jurisdictional limitation period, without any warning that the state has declared the letter to be "notice." Therefore, we find that a communication *must* be compliant with the minimal requirements of § 156(E) before a state entity can deem it notice pursuant to the constructive denial provisions of § 157.

¶ 10 The June 29, 2010 letter itself did not contain the address and telephone number of the claimant. The district court held that the letter "contained sufficient information to identify the claimant," who was represented by counsel.[2] Had the letter been the only information submitted, it may not have complied with § 156(E). However, the letter included a copy of the police report of the accident, which *clearly contained Griffey's address and phone number.* Thus the con-

---

1. We note that, in the summary judgment pleadings, Griffey's counsel quoted this statute, *but inexplicably omitted the underlined language,* giving the impression that much more information is required for a valid notice than the statute actually requires.

2. We note that the more common jurisdictional dispute develops in the opposite fashion, with the government entity claiming that it was *not given compliant notice within one year.* The doctrine of "substantially compliant notice" cited by the

district court here is implicated when a state entity interposes this defense. However this doctrine appears applicable only when the state interposes a "no notice" defense. It does not allow the state to declare a communication that does not meet even the minimal requirements of § 156(E) to be "substantially compliant notice" when interposing a defense that suit was not filed within 180 days of a constructive denial of that "notice."

tents of the communication sent to KATS contained the minimal information required by § 156(E). The record further indicates that the adjuster for KATS' insurer left a message with counsel on July 2, 2010, as the "Griffey Adjuster" assigning a claim number to Griffey's case. This was sufficient to put Griffey's counsel on notice that KATS was treating his June 29, 2010 letter as a claim notice, as no liability of the state, or consequential insurance coverage, is triggered without notice. We find that the June 29, 2010 letter acted as GTCA notice to KATS, and Griffey's claim was therefore deemed denied around October 1, 2010. Griffey was therefore required to file suit before April 2011, unless the 90–day denial or 180–day filing period was somehow tolled.[3]

## II. TOLLING OR OTHER ACTS

¶ 11 Although Griffey's June 29, 2010 letter was sufficient as notice, it did not contain sufficient information to allow KATS to evaluate his claim. A request by a governmental entity that the claimant supply additional information necessary to evaluate the claim suspends the 90–day period of approval and eliminates any time that has run from the filing of the notice. *Bivins v. State ex rel. Okla. Mem. Hosp.*, 1996 OK 5, 917 P.2d 456. However, we find no indication that KATS or its insurer made any request for further information in the 90 days after receiving the June 29, 2010 letter. Therefore, the 90–day evaluation period was not extended, and expired around October 1, 2010, at which point Griffey's claim was deemed denied, and he had 180 days in which to file suit.

¶ 12 Griffey argues that the insurer's actions after receiving his June 8, 2011 notice, including stating that the notice was "adequate" pursuant to the GTCA, and commencing adjustment activities, tolled the provisions of § 157, or acted as an admission that the first notice was not compliant. However, the §§ 156–157 notice and claim requirements are jurisdictional. KATS' insurer cannot create jurisdiction after it has been lost, nor can it control the question of

law as to whether the first notice was sufficient.

## III. THE 270–DAY PERIOD VERSUS THE GENERAL ONE–YEAR STATUTE OF LIMITATIONS

¶ 13 Griffey also argues that the structure of § 157, which may bar a claim 270 days after notice conflicts with the "standard one year GTCA statute of limitations." However the "180 days after constructive denial" filing period specified by § 157 *is not a statute of limitation.* It is a *jurisdictional prerequisite* for the GTCA waiver of sovereign immunity to become effective. Failure to file within 180 days of a constructive denial results in the plaintiff having *no claim at law,* rather than a denial of the remedy occasioned by a statute of limitations.

## CONCLUSION

¶ 14 We find that Griffey's June 29, 2010 letter to KATS constituted a notice of a GTCA claim. KATS made no request for further information that would toll the 90–day evaluation period. Therefore, Griffey's claim was deemed denied around October 1, 2010, and he was required to file his petition before April 1, 2011. He did not file until October 20, 2011, and consequently the district court had no jurisdiction to consider his GTCA suit. Therefore, we affirm the summary judgment of the district court.

¶ 15 AFFIRMED.

GOODMAN, J., and RAPP, J., concur.

---

3. We cannot give more exact dates because constructive denial occurs 90 days after *receipt* of the notice, and we do not know exactly when the June 29, 2010 letter was received by KATS.