OSCN Found Document:GRIFFEY v. KIBOIS AREA TRANSIT SYSTEMS

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 GRIFFEY v. KIBOIS AREA TRANSIT SYSTEMS
2014 OK CIV APP 23
Case Number: 111156
Decided: 06/19/2013
Mandate Issued: 02/25/2014
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2014 OK CIV APP 23, __ P.3d __

BRANDON J. GRIFFEY, Plaintiff/Appellant,
v.
KIBOIS AREA 
TRANSIT SYSTEMS (KATS), a public transportation system; and GEICO INDEMNITY 
COMPANY, a foreign insurance company, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
SEQUOYAH COUNTY, 
OKLAHOMA
HONORABLE DENNIS M. SPROUSE, TRIAL JUDGE

AFFIRMED

David R. ("Rusty") Smith, BRENNAN, SMITH & CHERBINI, PLLC, Muskogee, 
Oklahoma, for Plaintiff/Appellant
Gerard F. Pignato, PIGNATO, COOPER, KOLKER 
& ROBERSON, P.C., Oklahoma City, Oklahoma, for 
Defendants/Appellees


P. THOMAS THORNBRUGH, PRESIDING JUDGE:
¶1 Plaintiff Brandon J. Griffey appeals the summary judgment of the district 
court that his suit against Kibois Area Transit Systems (KATS) was barred by the 
notice and jurisdiction provisions of the Governmental Tort Claims Act (GTCA) 
contained in 51 O.S. Supp. 2006 §§ 156-157. On review, we affirm the judgment of 
the district court.
BACKGROUND
¶2 On June 17, 2010, Griffey was involved in a collision with a bus operated 
by KATS. On June 29, 2010, his counsel sent a letter to KATS, stating that the 
accident occurred on June 17; that Griffey had suffered injury and damages 
resulting from the collision; that the bus driver was negligent; and that 
counsel was representing Griffey. The letter included a copy of a police report 
regarding the incident. KATS did not respond to this letter but, on July 2, 
2010, KATS' insurer called Griffey's counsel and left a message with a "claim 
number."
¶3 There is no record of further interaction between the parties until almost 
a year later, when, on June 8, 2011, Griffey's counsel sent a second letter to 
KATS, styled as a "notice of claim." KATS' insurer then contacted Griffey's 
counsel, noting that it had received the June 8, 2011 notice, and that the 
notice was "adequate" pursuant to the GTCA. On October 20, 2011, Griffey filed 
suit against KATS. On November 16, 2011, KATS filed a motion to dismiss or 
motion for summary judgment, arguing that Griffey had given notice of his claim 
via the June 29, 2010 letter; that the claim was deemed denied for lack of 
response 90 days later; and that Griffey had failed to file suit in the 180-day 
window after denial provided by 51 
O.S.2011 § 157.
¶4 The district court granted summary judgment to KATS on the grounds that 
Griffey had failed to file suit within 180 days of the constructive denial of 
his claim. The court certified this order for appeal pursuant to 12 O.S.2011 § 994(A).
STANDARD OF REVIEW
¶5 "[C]ompliance with the written notice of claim and denial of claim 
provisions in §§ 156 and 157 are prerequisites to the state's consent to be sued 
and to the exercise of judicial power to remedy the alleged tortious wrong by 
the government." Shanbour v. Hollingsworth, 1996 OK 67, ¶ 7, 918 P.2d 73, 75. "[J]udicial power is 
invoked by the timely filing of the governmental tort claims action pursuant to 
§ 157, and . . . expiration of the 180-day time period in § 157(B) operates to 
bar judicial enforcement of the claim against the government to which the 
Legislature waived sovereign immunity." Id. Questions concerning a 
district court's jurisdictional power invoke the de novo standard of 
review. See Jackson v. Jackson, 2002 OK 25, ¶ 2, 45 P.3d 418, 422.
ANALYSIS
I. "NOTICE" AND THE JUNE 8, 2011 LETTER
¶6 Title 51 O.S. §157 contains 
two critical periods. First, a 90-day "period for approval" begins on the filing 
of a notice of claim. During this time, the governmental entity evaluates the 
claim and may approve or deny it. If this 90-day period expires without response 
from the governmental entity, the claim is deemed denied and the claimant must 
file suit within the following 180 days. Griffey argues that his June 29, 2010 
letter did not trigger the 90-day "approval period" because it did not 
constitute notice of a claim.
¶7 The notice statute in force at the time the first letter was sent, 51 O.S. Supp. 2006 § 156(E), 
provided:

 
 The written notice of claim to the state or a political subdivision shall 
 state the date, time, place and circumstances of the claim, the identity 
 of the state agency or agencies involved, the amount of compensation or 
 other relief demanded, the name, address and telephone number of the 
 claimant, and the name, address and telephone number of any agent authorized 
 to settle the claim. Failure to state either the date, time, place 
 and circumstances and amount of compensation demanded shall not invalidate 
 the notice unless the claimant declines or refuses to furnish such 
 information after demand by the state or political subdivision. (Emphasis 
 added).[1]
¶8 Applying the exemption of the second part of § 156(E) to the requirements 
for notice, the absolute minimum for compliant notice is the identity of the 
state agency or agencies involved; the name, address and telephone number of the 
claimant; and the name, address, and telephone number of any agent authorized to 
settle the claim.
¶9 We are mindful that the structure of the GTCA notice procedure allows for 
a state entity to take no action upon receiving notice, and indeed not even 
to acknowledge that it has received notice, and yet it requires strict 
enforcement of a 90- plus 180-day jurisdictional limitation period after notice. 
This process places any party that writes to a state entity regarding an injury 
in jeopardy of having its letter declared a "claim notice" that triggers the 
270-day jurisdictional limitation period, without any warning that the state has 
declared the letter to be "notice." Therefore, we find that a communication 
must be compliant with the minimal requirements of § 156(E) before a 
state entity can deem it notice pursuant to the constructive denial provisions 
of § 157.
¶10 The June 29, 2010 letter itself did not contain the address and telephone 
number of the claimant. The district court held that the letter "contained 
sufficient information to identify the claimant," who was represented by 
counsel.[2] Had 
the letter been the only information submitted, it may not have complied with § 
156(E). However, the letter included a copy of the police report of the 
accident, which clearly contained Griffey's address and phone number. 
Thus the contents of the communication sent to KATS contained the minimal 
information required by § 156(E). The record further indicates that the adjuster 
for KATS' insurer left a message with counsel on July 2, 2010, as the "Griffey 
Adjuster" assigning a claim number to Griffey's case. This was sufficient to put 
Griffey's counsel on notice that KATS was treating his June 29, 2010 letter as a 
claim notice, as no liability of the state, or consequential insurance coverage, 
is triggered without notice. We find that the June 29, 2010 letter acted as GTCA 
notice to KATS, and Griffey's claim was therefore deemed denied around October 
1, 2010. Griffey was therefore required to file suit before April 2011, unless 
the 90-day denial or 180-day filing period was somehow tolled.[3]
II. TOLLING OR OTHER ACTS
¶11 Although Griffey's June 29, 2010 letter was sufficient as notice, it did 
not contain sufficient information to allow KATS to evaluate his claim. A 
request by a governmental entity that the claimant supply additional information 
necessary to evaluate the claim suspends the 90-day period of approval and 
eliminates any time that has run from the filing of the notice. Bivins v. 
State ex rel. Okla. Mem. Hosp., 1996 OK 5, 917 P.2d 456. However, we find no 
indication that KATS or its insurer made any request for further information in 
the 90 days after receiving the June 29, 2010 letter. Therefore, the 90-day 
evaluation period was not extended, and expired around October 1, 2010, at which 
point Griffey's claim was deemed denied, and he had 180 days in which to file 
suit.
¶12 Griffey argues that the insurer's actions after receiving his June 8, 
2011 notice, including stating that the notice was "adequate" pursuant to the 
GTCA, and commencing adjustment activities, tolled the provisions of § 157, or 
acted as an admission that the first notice was not compliant. However, the §§ 
156-157 notice and claim requirements are jurisdictional. KATS' insurer cannot 
create jurisdiction after it has been lost, nor can it control the question of 
law as to whether the first notice was sufficient.
III. THE 270-DAY PERIOD VERSUS THE GENERAL ONE-YEAR STATUTE OF 
LIMITATIONS
¶13 Griffey also argues that the structure of § 157, which may bar a claim 
270 days after notice conflicts with the "standard one year GTCA statute of 
limitations." However the "180 days after constructive denial" filing period 
specified by § 157 is not a statute of limitation. It is a 
jurisdictional prerequisite for the GTCA waiver of sovereign immunity to 
become effective. Failure to file within 180 days of a constructive denial 
results in the plaintiff having no claim at law, rather than a denial of 
the remedy occasioned by a statute of limitations.
CONCLUSION
¶14 We find that Griffey's June 29, 2010 letter to KATS constituted a notice 
of a GTCA claim. KATS made no request for further information that would toll 
the 90-day evaluation period. Therefore, Griffey's claim was deemed denied 
around October 1, 2010, and he was required to file his petition before April 1, 
2011. He did not file until October 20, 2011, and consequently the district 
court had no jurisdiction to consider his GTCA suit. Therefore, we affirm the 
summary judgment of the district court.

¶15 AFFIRMED.

GOODMAN, J., and RAPP, J., concur.

FOOTNOTES

[1] We note 
that, in the summary judgment pleadings, Griffey's counsel quoted this statute, 
but inexplicably omitted the underlined language, giving the impression 
that much more information is required for a valid notice than the statute 
actually requires.

[2] We note 
that the more common jurisdictional dispute develops in the opposite fashion, 
with the government entity claiming that it was not given compliant notice 
within one year. The doctrine of "substantially compliant notice" cited by 
the district court here is implicated when a state entity interposes this 
defense. However this doctrine appears applicable only when the state interposes 
a "no notice" defense. It does not allow the state to declare a communication 
that does not meet even the minimal requirements of § 156(E) to be 
"substantially compliant notice" when interposing a defense that suit was not 
filed within 180 days of a constructive denial of that "notice."

[3] We 
cannot give more exact dates because constructive denial occurs 90 days after 
receipt of the notice, and we do not know exactly when the June 29, 2010 
letter was received by KATS.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 2002 OK 25, 45 P.3d 418, JACKSON v. JACKSON
Discussed 1996 OK 5, 917 P.2d 456, 67 OBJ 206, Bivins v. State ex rel. Okl. Mem. Hosp.
Discussed 1996 OK 67, 918 P.2d 73, 67 OBJ 1844, Shanbour v. Hollingsworth
Discussed
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited
Title 51. Officers Cite
Name
Level 51 O.S. 156, Claims - Petition - Limitation of Actions - Notice - Wrongful Death
Cited 51 O.S. 157, Notice of Approval or Denial of Claim
Discussed