Shawna Gay JOHNS, a Minor, By and Through her Mother and next friend, Audrey Jean JOHNS and Audrey Jean Johns, individually, Plaintiffs,

v.

WYNNEWOOD SCHOOL BOARD OF EDUCATION, Jim Coffee, Judith G. Barnes, Lynna P. Hall, Gladys M. Langston, and Lynda Stark, Defendants.

No. 58336.

Supreme Court of Oklahoma.

Sept. 14, 1982.

V. Lyle McPheeters, Richard A. Brewer, Oklahoma City, for plaintiffs.

John R. Couch, Lana Jeanne Tyree, Oklahoma City, for defendants.

HARGRAVE, Justice.

Certified for resolution under the provisions of 20 O.S. 1981 § 1601, et seq. by the United States District Court for the Western District of Oklahoma is the following question of state law:

Are the time limitations contained in the Oklahoma Political Subdivision Tort Claims Act,[1] 51 Okla.Stat. (1978 Supp.) § 156, controlling as to a cause of action accrued to a minor, notwithstanding the provisions of 12 Okla.Stat.1971 § 96?

As summarized by the Federal Court, this cause arose from an injury to plaintiff at the Central Elementary School of Wynnewood, Oklahoma, on September 18, 1979. The petition alleges plaintiff, Shawna Gay Johns, was injured by a blow to the head inflicted by another student, identity unknown, alleging the child was struck as a result of lack of supervision by the defendants over schoolyard activities. Plaintiff seeks to recover from the School Board alone. We hold that the minority of the

1. Hereinafter, the Act.

plaintiff when injured did not toll the time limits as prescribed in 51 Okla.Stat. § 156 as against the defendant School Board. Formal notice of the injury was given to the School Board dated September 10, 1981, addressed to the Board's clerk. This action was brought in federal court on September 17, 1981, alleging diversity jurisdiction. Defendants filed a motion to dismiss, alleging the requirements of 51 O.S. § 156 have not been fulfilled and thus plaintiffs have not brought themselves within the limited waiver of sovereign immunity contained in the Political Subdivision Tort Claims Act. Plaintiffs argue that as a minor, plaintiff is under a legal disability to institute an action in her own behalf, and thus she may do so at any time within one year after she attains majority, in accord with 12 O.S.1981 § 96.

Prior to certification of this question to this Court, the Federal Court sustained the motion to dismiss the attendant claim of the injured minor's mother, Audrey Jean Johns, for failure of that plaintiff to substantially comply with the notice provisions of the Act, 51 O.S. § 156. In the ruling of the Federal Court it was noted that the fact the school board was aware of the injury did not supplant the formal notice provisions of the Act inasmuch as actual knowledge of the injury inflicted was not notice in and of itself that the injured parties intended to seek monetary redress as a result of the incident.

The exception granted infants from the running of the statute of limitations rests on legislative determination and does not emanate from a fundamental precept of the law. 54 C.J.S. *Limitations of Actions § 235.* It is within the power of the legislature to place infants in the same category as adults in the respect of limitations and unless excepted by statute, the limitations statutes apply to that class of persons. *Choteau v. Hoss,* 118 Okl. 76, 246 P. 844 (1926). That cause involved the right of a minor to revive an action 12 years after the death of the ancestor. The Court noted that Section 837 of Comp.St.1921 conditions the very right to bring the ques-

tioned action and was not merely directed to the remedy therefor. The Oklahoma Political Subdivision Tort Claims Act similarly conditions the very right to bring this action. Indeed, insofar as it creates liability for certain tortious acts previously considered governmental functions, it creates that right. 51 O.S.1978 § 166.

In *Choteau, supra,* this Court noted that in the revivor statute then in effect the right to revive was conditioned on the existence of one of four circumstances. Since the action was not brought within one year of the death of the predecessor in interest, and the date of his death was known, nor was it brought with the defendant's consent, the only available ground was a showing that the heir was prevented from bringing the action "for other unavoidable reasons." In the resolution of the issue of whether or not infancy could be considered in the latter class, the Court stated that the revivor statute did not save the right to revive until majority, and the general rule of construction is that exceptions from the operation of the statute of limitations (commonly granted infants) do not rest on a fundamental precept of law but upon the will of the legislature expressed by statutory law and unless infants are specifically excepted from the operation of the statute, the infants' rights rest upon the same footing as adults.

Title 51 O.S.1981 § 151, et seq., delineates the liability of political subdivisions for tortious conduct. Section 153 of the Act, in conjunction with § 166, operate to create liability for those acts previously considered governmental functions. That liability is conditioned by various sections of the Act, among them § 156. Title 51 O.S. § 156 contains detailed provisions for limitations of actions against political subdivisions. There are no express exceptions saving the rights of infants found within this section or any other portion of the Act. This is true despite the detailed limitation provisions of 51 O.S. §§ 156 and 157. On the face of the statute, the limitations provided by § 156 are detailed and also appear absolute in that Subdivision B states, "A claim

... shall be forever barred unless notice thereof is filed within one hundred twenty days after the loss occurs." The comprehensive nature of the limitations provisions is evident. A claim must be submitted to the political subdivision for possible non-judicial relief.[2] The claim is forever barred unless submitted within 120 days of the loss. Absence of required items from the notice does not invalidate the notice unless the claim is not elaborated upon 90 days after request. No action for any cause arising under the Act shall be maintained unless valid notice is given and action commenced within six months after notification of denial. The time for giving notice excludes up to 90 days of time during which the party is incapacitated as a result of the injury.[3] Where a claim is for wrongful death, notice is to be given to the subdivision within one year, although notice given for injury by decedent will support a claim for the injured party's later death.[4] These provisions are supplemented by 51 O.S. § 157 which deems a claim denied 90 days after receipt if no action is taken thereon. In view of the fact the Act specifically deals with incapacity arising from physical results of the injury and does not speak to incapacity resulting from minority, it is proper to apply the language of the statute to all incapacities not specifically excepted in view of the clear language of the statute's (§ 156) unqualified statement that no action may be maintained unless notice is filed within 120 days,[5] and action commenced within six months. This Court has previously held that the notice provisions of the Political Subdivision Tort Claims Act is constitutional. *Reirdon v. Wilburton Bd. of Education*, 611 P.2d 239 (Okla.1980), and as discussed in *Choteau v. Hoss, supra*, exception of infants from limitations statutes is a matter of legislative cognizance. The exception from the limitation provisions for persons under incapacities is spoken to in § 156 and no mention is made of exceptions for minors. This Court finds no basis for implying that exception in the face of legislative silence in the area in view of the fact that 51 O.S.1981 § 170 states: "This Act is exclusive and exceeds all home rule charter provisions *and special laws on the same subject* heretofore, and all acts or parts of acts in conflict herewith are repealed."

 The answer to the question here certified for determination is held to be:

The time limitations contained in the Oklahoma Political Subdivision Tort Claims Act, 51 Okla.Stat. (1978 Supp.) (now 1981) § 156, control as to a cause of action accrued to a minor, notwithstanding the provisions of 12 O.S.1981 § 96. Certified Question Answered.

All Justices concur.

---

**2.** 51 O.S.1981 § 156 B.

**3.** 51 O.S.1981 § 156 C.

**4.** 51 O.S.1981 § 156 D.

**5.** § 156 B, *supra*.