**Clifford K. CATE, Jr., Appellee,**

v.

**ARCHON OIL COMPANY, INC., Appellant.**

**No. 60148.**

Supreme Court of Oklahoma.

Feb. 19, 1985.

---

Lawrence A.G. Johnson, Belva M. Brooks, Tulsa, for appellant.

Mitchell E. Shamas, Okmulgee, for appellee.

KAUGER, Justice.

■ The questions presented are whether an oil and gas lease is personalty or an interest in land, and what procedure should be used in the execution of a sheriff's sale of an oil and gas lease. We find that an oil and gas lease creates an interest in realty although it is not *per se* real estate, and that procedural due process must be followed before property can be sold at a sheriff's sale.

Clifford K. Cate, Jr., an attorney recovered legal fees in a default judgment in Muskogee County against Archon Oil Co. Inc., appellee, in the amount of $6,775.23 plus attorney fees. The attorney issued execution directing the sheriff of Okmulgee County to levy upon an oil and gas lease owned by Archon, and the sheriff of Okmulgee County summoned appraisers who appraised the property at $10,500.00. The property was advertised for sale as a sale of lands and tenements by publication for two consecutive weeks in accordance with 12 O.S.1981 § 764. Thereafter, the attorney paid $500.00 for the lease at the sale. Archon objected to the confirmation of the sale based on the assertions that because an oil and gas lease is an interest in land, and because the statutory procedure for sale of realty was utilized in notice by publication it must be sold as realty; that a bid of two-thirds of the appraised valuation was required, and, therefore, the sheriff did not follow the proper statutory procedure. At the sale, Archon also argued that the sale price should shock the

conscience of the court because the actual value of the lease was $45,000.00. The sale was confirmed and Archon appealed.

## AN OIL AND GAS LEASE CREATES AN INTEREST IN REAL PROPERTY BUT IT IS NOT *PER SE* REAL ESTATE; AN OIL AND GAS LEASE TAKEN ON EXECUTION BY THE SHERIFF MUST BE SOLD IN ACCORDANCE WITH PROCEDURAL DUE PROCESS.

Archon contends that an oil and gas lease is an interest in land, that it must be sold as realty, and that failure of the sheriff to require two-thirds of the appraised value to be paid at the sale is reversible error.

It has been held consistently in Oklahoma that although an oil and gas lease creates an interest or estate in realty, the interest is not *per se* real estate.[1] The dispositive issue is not whether the statutory procedure to be followed is that for the sale of personalty or that for the sale of realty, rather it is whether the procedure accords with fundamental notions of due process.

The woeful inadequacy of the bid price in this case underscores the constitutional infirmity of the statutory notice procedures delineated by 12 O.S.1981 § 757 (governing the sale of goods and chattels) and 12 O.S. 1981 § 764 (controlling the sale of realty). These statutes, which require notice by publication only, have remained virtually

1. *Hinds v. Phillips Petroleum Co.*, 591 P.2d 697–98 (Okla.1979); In the case of *DeMik v. Cargill*, 485 P.2d 229, 232 (Okla.1971), this Court clearly enunciated the applicable distinction. The Court held:

"Thus, in the character of property created by an oil and gas lease, there is a recognizable distinction between real estate and an estate in real property. Not every kind of estate recognized in law as an interest in real property is real estate. Although an oil and gas lease creates an interest or estate in realty, such interest is not per se real estate."

In *Pauline Oil & Gas Co. v. Fischer*, 185 Okl. 108, 90 P.2d 411, 412 (1939) the syllabus of the Court states:

"While an oil and gas lease which grants, leases, and lets' certain land for oil and gas mining purposes, conveys to the lessee an estate in the realty described therein, such interest is not real estate within the meaning of section 690, C.O.S.1921, 12 Okl.St.Ann. § 706, which gives a judgment creditor a lien upon the 'real estate' belonging to the judgment debtor."

The Court said in *State v. Shamblin*, 185 Okl. 126, 90 P.2d 1053, 1055 (1939), that: "It has been repeatedly and consistently held that such oil and gas mining leases are chattels real and are, therefore, personal property."

unchanged since 1910,[2] despite the numerous rulings of this Court which require personal notice if it reasonably is possible.[3]

■ The Legislature has required pursuant to the Uniform Commercial Code, 12A O.S.1981 § 2–706(3), 12A 1981 9–504(3)[4] that the sale of collateral or resale of repossessed goods must be conducted in a commercially reasonable manner. The debtor, as well as any other persons who have a security interest in the property must be notified properly of even a possible sale. If personal notice to the debtor is required of a private sale of relatively inexpensive chattels, surely no less is required of a public sale.

■ Notice by publication and by posting are designed primarily to attract prospective purchasers, and are unlikely to reach those who have an interest in the property.[5] *If the actual whereabouts of the parties are known, failure to afford personal notice to those who have an interest or estate in real property[6] sought to be sold in satisfaction of a judgment, results in an unconstitutional exercise of jurisdiction insofar as the interest of the owner is affected.*[7] The United States Supreme Court in *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 313–315, 70 S.Ct. 652, 656–657, 94 L.Ed. 865, 872–874 (1949) determined that the parties should be provided the full opportunity to appear and be heard, the Court said:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is

**2.** It is provided by 12 O.S.1981 § 757:
"The officer who levies upon goods and chattels, by virtue of an execution issued by a court of record, before he proceeds to sell the same shall cause public notice to be given of time and place of sale, for at least ten (10) days before the day of sale. The notice shall be given by advertisement, published in some newspaper printed in the county, or, in case no newspaper be printed therein, by setting up advertisements in five public places in the county. Two advertisements shall be put up in the township where the sale is to be held; and where goods and chattels levied upon cannot be sold for want of bidders, the officer making such return shall annex to the execution a true and perfect inventory of such goods and chattels, and the plaintiff in such execution may thereupon sue out another writ of execution, directing the sale of the property levied upon as aforesaid; but such goods and chattels shall not be sold, unless the time and place of sale be advertised, as hereinbefore provided."
12 O.S.1981 § 764 provides:
"Lands and tenements taken on execution shall not be sold until the officer causes public notice of the time and place of sale to be given by publication for two (2) successive weeks in a newspaper printed in the county, or in case no newspaper be printed in the county, in a newspaper of general circulation therein and by putting up an advertisement upon the courthouse door and in five other public places in the county, two of which shall be in the township where such lands and tenements lie: provided, that in counties now having a population of one hundred ten thousand (110,000) or more according to the last Federal Census, the advertisement shall be published in some newspaper published in the

city or township where said lands and tenements lie or if there be no newspaper in such city or township then in some newspaper published in the county. Such sale shall not be held less than thirty (30) days after the date of first publication of the notice herein required. All sales made without such advertisement shall be set aside on motion by the court to which the execution is returnable."

**3.** *Application of Tubbs,* 620 P.2d 384–85 (Okla. 1980); *First Nat. Bank v. Okla. Sav. & Loan Bd.,* 569 P.2d 993, 996 (Okla.1977); *Bomford v. Socony Oil Co.,* 440 P.2d 713, 718 (Okla.1968).

**4.** Title 12A O.S.1981 § 2–706(3) provides in pertinent part:
"(3) Where the resale is at private sale the seller must give the buyer reasonable notification of his intention to resell."
It is provided by 12A O.S.1981 § 9–504(3):
"(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable...."

**5.** *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, ———–———, 103 S.Ct. 2706, 2711–12, 77 L.Ed.2d 180, 187–88 (1983).

**6.** *Hinds v. Phillips Petroleum Co.,* 591 P.2d 697, 698 (Okla.1979).

**7.** *Bomford v. Socony Mobil Oil Co.,* 440 P.2d 713, 718 (Okla.1968).

notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. * * * but when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."

 Theoretically, publication may be available for all the world to see, but it is presumptuous to suppose that anyone could read all that is published to see if something may be reported which affects his/her property interest. Exclusive reliance on an inefficacious means of notification cannot be permitted under the *Mullane* doctrine—neither necessity nor efficiency can abrogate the rule that, within the limits of practicability, notice must be reasonably calculated to reach the interested parties. If the names of those affected by a proceeding are available, the reasons disappear for resorting to means less likely than the mails to apprise them of the pending sale. Mail service can be utilized as an inexpensive and efficient mechanism to enhance the reliability of the otherwise unreliable procedure of notice by publication.[8]

In *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, —— – ——, 103 S.Ct. 2706, 2711–12, 77 L.Ed.2d 180, 187–88 (1983) the United States Supreme Court discussed an analogous situation. The Court held that a mortgagee's knowledge of delinquency in payment of taxes was not the equivalent of notice that a tax sale was pending. The Court reaffirmed *Mullane* and determined that if the party's name and address are reasonably ascertainable, notice by mail or other means certain to insure actual notice is a constitutional prerequisite to a proceeding which will affect the liberty or the property[9] interests of any party.

 Notice is a jurisdictional requirement as well as a fundamental element of due process.[10] Due process requires adequate notice, a realistic opportunity to appear at a hearing or judicial sale, and the right to participate in a meaningful manner before one's rights are irretrievably altered. The right to be heard is of little value unless adequate notice is given. Due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise interested parties of the pendency of an action,[11] and lack of notice constitutes a jurisdictional infirmity.[12]

Our pronouncement today shall be given effect in this case, and, prospectively, to all sales previously governed by 12 O.S.1981

8. *Greene v. Lindsey,* 456 U.S. 444, 455, 102 S.Ct. 1874, 1880, 72 L.Ed.2d 249, 258–59 (1982); *Schroeder v. City of New York,* 371 U.S. 208, 213, 83 S.Ct. 279, 282, 9 L.Ed.2d 255, 89 A.L.R.2d 1398 (1962); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 318–20, 70 S.Ct. 652, 659–60, 94 L.Ed. 865, 875–76 (1949).

9. Property is defined in Oklahoma by 60 O.S. 1981 § 1 as "The ownership of a thing is the right of one or more persons to possess and use it to the exclusion of others...." and 60 O.S. 1981 § 4 classifies property as either real or immovable, or personal or movable.

10. *Jackson v. Ind. School Dist. No. 16 of Payne Co.,* 648 P.2d 26, 30 (Okla.1982).

11. *Boddie v. Connecticut,* 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971); *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Schroeder v. New York,* 371 U.S. 208, 211, 83 S.Ct. 279, 281, 9 L.Ed.2d 255, 89 A.L. R.2d 1398 (1962); *Riverside & Dan River Cotton Mills v. Menefee,* 237 U.S. 189, 35 S.Ct. 579, 59 L.Ed. 910 (1915); *Grannis v. Ordean,* 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363, 1369 (1914); *Bomford v. Socony Mobil Oil Co.,* id; *Simms v. Hobbs,* 411 P.2d 503, 510 (Okla.1966).

12. The question of jurisdiction is an issue which is primary and fundamental ion each case. This Court must inquire into its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, regardless of whether it is raised by the litigants. *Pointer v. Hill,* 536 P.2d 358, 361 (Okla.1975).

§§ 757, 764 occurring after the mandate herein is issued.[13]

REVERSED.

HODGES, OPALA and WILSON, JJ., HOWARD, S.J. (was appointed for SUMMERS, J., who disqualified) concur.

SIMMS, C.J., concurs in result;

DOOLIN, V.C.J., and LAVENDER and HARGRAVE, JJ., dissent.

---

**13.** *Snethen v. Oklahoma State Union of the Farmers Educational and Cooperative Union of* *America*, 664 P.2d 377, 382 (Okla.1983); *Vanderpool v. State*, 672 P.2d 1153, 1157 (Okla.1983).