Nicole J. TYLER, a minor, By and Through her next friend, natural guardian and mother, Sheryl TYLER, Appellant,

v.

BOARD OF COUNTY COMMIS-
SIONERS, COUNTY OF
KAY, Appellee,

and

Rocky Wayne Tyler, and Warren Wilson Hay, Inc., Defendants.

No. 86937.

Court of Appeals of Oklahoma,
Division No. 3.

April 2, 1996.

Eugene B. Ralston, Topeka, for Appellant.

Chester Armstrong, Ponca City, for Appellee.

*OPINION*

HANSEN, Presiding Judge:

Nicole Tyler, a minor, through her mother, filed this negligence action on August 7, 1995. After discovery, she dismissed the defendants except for Appellee, Kay County Board of County Commissioners. County filed its motion to dismiss based on time limits provided in the Oklahoma Governmental Tort Claims Act, 51 O.S.1991 § 151 et seq. (The Act). The trial court considered the motion to dismiss as a motion for summary judgment, found in favor of County and dismissed Tyler's action. Tyler appeals to this Court. We affirm.

On August 10, 1994, Tyler was injured while riding as a passenger in a truck driven by her father and owned by Warren Wilson, Inc. The truck collided with a tractor owned and operated by County. On October 17, 1994, Tyler timely filed her notice of claim under the Act. County did not approve the claim. As a result, the claim was deemed denied 90 days later. 51 O.S.1991 § 157(A). Under § 157(B), Tyler had 180 days from that date in which to file an action in district court against County. Thus, under the Act, Tyler's right to bring this action expired July 14, 1995.

Tyler does not contest the above dates, or that her action was not timely filed under the Act. Her argument is based on 12 O.S.1991 § 96. Section 96 contains a provision that tolls statutes of limitations on the basis of legal disability, which includes infancy. If the trial court applied § 96 to her action, it would have been timely filed.

County responds by citing *Johns v. Wynnewood School Board of Education,* 656 P.2d 248 (Okla.1982). In *Johns,* the Supreme Court answered a question certified by the United States District Court for the

Western District of Oklahoma. The question was:

> Are the time limitations contained in the Oklahoma Political Subdivision Tort Claims Act, 51 Okla.Stat. (1978 Supp.) § 156, controlling as to a cause of action accrued to a minor, notwithstanding the provisions of 12 Okla.Stat.1971 § 96?

The Supreme Court answered the question in the affirmative. It stated the exception granted infants from the running of the statute of limitations rested on Legislative determination and did not emanate from a fundamental precept of the law. "It is within the power of the legislature to place infants in the same category as adults in the respect of limitations and unless excepted by statute, the limitations statutes apply to that class of persons." *Johns* at 249.

Tyler attempts to distinguish that decision, because in *Johns,* the minor did not timely file her claim under § 156 with the Board of Education. In the present action, the question is whether the time limits in § 157 control.

Tyler also calls our attention to *Mowles v. Hillcrest Health Center,* 832 P.2d 24 (Okla. App.1991), cert. denied. That decision held the portion of 12 O.S.1991 § 96 that attempted to limit the time in which a minor plaintiff could file a medical malpractice action was unconstitutional as a special law in that it treated minors with malpractice claims differently from other minors injured by any type of negligence other than medical malpractice. Tyler argues by applying the Act to her action, she is being treated differently from other minors injured by the negligence of non-governmental entities.

The Oklahoma Supreme Court has recently decided the case of *Cruse v. Board of County Commissioners of Atoka County, Oklahoma,* 910 P.2d 998 (Okla.1995) dealing with the application of another general stat-

ute to the Act. In that case, the Court of Appeals, relying on *Johns,* held the savings statute, 12 O.S.1991 § 100, did not apply to actions under the Act. In a split decision decided on a petition for certiorari from the Court of Appeals, the Supreme Court held § 100 should be applied to actions filed pursuant to the Act even though the Act was silent on that subject. Based on differences in language contained in §§ 156 and 157, the *Cruse* decision distinguished *Johns,* and held § 100 did apply to the Act. "Upon compliance with the time-limited filing of written notice of claim and denial of claim in §§ 156 and 157, the state's consent to be sued is manifest and the court may exercise judicial power to remedy the alleged tortious wrong by the government." The Court then held § 100 applied to that action because valid notice had been given and *the governmental tort claims action had been timely filed under § 157.* Thus, the court's power was invoked, and, at that point the tort claim action against the political subdivision was controlled by the laws of this state.

In this action, Tyler did not timely file her action in district court. Thus, the district court's power was not invoked and the action was still under the manta of the Act, not controlled by the general laws of this state, including 12 O.S.1991 § 96. The trial court did not err in declining to apply that section to Tyler's action.

AFFIRMED.

ADAMS, V.C.J., and BUETTNER, J., concur.