1998 OK CIV APP 8

1998 OK CIV APP 8

**In the Matter of J.T., a Minor Child, J.T., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 89900.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 31, 1997.

Robert J. Mildfelt, Oklahoma City, for Appellant.

Robert H. Macy, District Attorney, Jane A. Brown, Assistant District Attorney, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

¶ 1   J.T., a 15 year old girl, ran away from a juvenile facility in Kansas.  She was picked up in Oklahoma and taken to a juvenile shelter in Oklahoma County.  Kansas sought the girl's return pursuant to the Interstate Compact on Juveniles which both Kansas and Oklahoma have adopted.[1]  Following a juvenile court hearing in Oklahoma County the child was ordered returned to Kansas.  That order was stayed pending this appeal.  As Appellant, the child contends she was denied due process because the trial judge did not make a finding that it was in her best interests to be returned to Kansas.

1.   K.S.A. 38–1001 et seq.: 10 O.S.1991 § 531 et

¶ 2   Oklahoma adopted the Interstate Compact on Juveniles (Compact) in 1967.  It provides in pertinent part:

### ARTICLE I.   FINDINGS AND PURPOSES

That juveniles who are not under proper supervision and control, or who have absconded, escaped or run away, are likely to endanger their own health, morals and welfare, and the health, morals and welfare of others.  The cooperation of the states party to this compact is therefore necessary to provide for the welfare and protection of juveniles and of the public with respect to ... (3) the return, from one state to another, of nondelinquent juveniles who have run away from home; * * * *

### ARTICLE IV.   RETURN OF RUNAWAYS

(a) That the parent, guardian, person or agency entitled to legal custody of a juvenile who has not been adjudged delinquent but who has run away without the consent of such parent, guardian, person or agency may petition the appropriate court in the demanding state for the issuance of a requisition for his return....  The judge of the court to which this application is made may hold a hearing thereon to determine whether for the purposes of this compact the petitioner is entitled to the legal custody of the juvenile, whether or not it appears that the juvenile has in fact run away without consent, whether or not he is an emancipated minor, and whether or not it is in the best interest of the juvenile to compel his return to the state.  If the judge determines, either with or without a hearing, that the juvenile should be returned, he shall present to the appropriate court or to the executive authority of the state where the juvenile is alleged to be located, a written requisition for the return of such juvenile.  Such requisition shall set forth the name and age of the juvenile, the determination of the court that the juvenile has run away without the consent of a parent, guardian, person or agency entitled

seq.

to his legal custody, and that it is in the best interest and for the protection of such juvenile that he be returned.... Upon the receipt of a requisition demanding the return of a juvenile who has run away, the court or the executive authority to whom the requisition is addressed shall issue an order to any peace officer or other appropriate person directing him to take into custody and detain such juvenile. Such detention order must substantially recite the facts necessary to the validity of its issuance hereunder. No juvenile detained upon such order shall be delivered over to the officer whom the court demanding him shall have appointed to receive him, unless he shall first be taken forthwith before a judge of a court in the state, who shall inform him of the demand made for his return, and who may appoint counsel or guardian ad litem for him. If the judge of such court shall find that the requisition is in order, he shall deliver such juvenile over to the officer whom the court demanding him shall have appointed to receive him. The judge, however, may fix a reasonable time to be allowed for the purpose of testing legality of the proceeding. * * * *

¶3 The Kansas requisition appears to comply in all respects with the Compact. In Oklahoma, an attorney was appointed for Appellant and an initial hearing was held before a juvenile court referee. The referee found that Appellant should be returned to Kansas. That finding was appealed to the Judge of the juvenile division and another hearing was held. Appellant testified that she did not want to return to Kansas because one of the other girls living with her at the shelter in Kansas had threatened to kill her and she believed it would be dangerous to return there.

¶4 Appellant's attorney requested the juvenile court to deny the requisition for the child's return to Kansas as not being in her best interest. He also conceded that the Compact does not provide for Oklahoma, as the state returning the child, to make a finding of what is in the child's best interests. There is no allegation that statutory procedures were not followed. But it is argued that if the child had been adjudicated "de-

prived" under the Oklahoma Children's Code, 10 O.S.Supp.1995 § 7001–1.1 et seq., the paramount consideration in all proceedings concerning the child would be the child's best interests. 10 O.S. Supp.1995 § 7001–1.2.

¶5 This argument is without merit. Although the Compact is found in Title 10 of the Oklahoma Statutes, it is not part of the Oklahoma Children's Code. Appellant's status as a "child in need of care" was determined in Kansas, under Kansas law, and there is no evidence that the Kansas courts or juvenile authorities have not acted consistently in her best interests insuring all statutory and constitutional rights. There is also no evidence that the Kansas courts and juvenile authorities will not continue in the future to act in Appellant's best interests.

¶6 Appellant had the hearings she was entitled to. She had a court-appointed attorney who was allowed to put on evidence as to why the child did not want to be returned to Kansas. The referee in the trial court ruled against her. Due process requires that life, liberty or property not be deprived by adjudication unless preceded by adequate notice, an opportunity for a hearing appropriate to the nature of the action and the right to participate in a meaningful manner. *Capitol Fed. Savings Bank v. Bewley*, 1990 OK 79, 795 P.2d 1051, 1053; *Cate v. Archon Oil Co.*, 1985 OK 15, 695 P.2d 1352, 1356. Appellant was afforded these rights. The fact that the Compact does not require a finding that the return of the child to Kansas is in her best interests is in no way a denial of due process.

¶7 The record reveals no violation of Appellant's due process rights. No law requires a finding by an Oklahoma court that it is in Appellant's best interests to be returned to Kansas, nor has it been shown that the Interstate Compact on Juveniles is constitutionally infirm for not requiring such a finding. The order appealed from is AFFIRMED.

ADAMS, C.J., and GARRETT, J., concur.