OSCN Found Document:HALL v. THE GEO GROUP, INC

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 HALL v. THE GEO GROUP, INC
2014 OK 22
Case Number: 112222
Decided: 04/01/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 22, __ P.3d __


WALTER HALL, Plaintiff/Appellant,
v.
THE GEO GROUP, INC, Defendant/Appellee.



APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY

Honorable Bill Graves, Trial Judge



¶0 Walter Hall was allegedly injured while being transported to a medical appointment by a private prison facility, GEO. Two years and two months later, he filed a lawsuit against it for negligence. GEO filed a motion for summary judgment, arguing that the statute of limitations had expired and the lawsuit was untimely. Hall insisted that the limitation period was tolled due to his injury. The trial court granted GEO's motion for summary judgment and Hall appealed. We hold that pursuant to 57 O.S. 2011 §566.4, compliance with the notice provisions of the Governmental Tort Claims Act (GTCA) is required to bring a tort action against a private correctional facility. The notice required by the GTCA is a mandatory prerequisite to filing a claim for tort damages and it is a jurisdictional requirement. Because Hall did not comply with the GTCA and the notice of claim requirement of the GTCA is only tolled 90 days due to incapacity from an injury, the cause must be dismissed as untimely filed.



TRIAL COURT AFFIRMED.
CAUSE DISMISSED.



Rex Travis, Paul Kouri, Oklahoma City, Oklahoma, for Appellant.
Don G. Pope, Norman, Oklahoma, for Appellee.




KAUGER, J: 


¶1 The dispositive issue presented is whether the plaintiff's negligence action should be dismissed as untimely brought. We hold that, pursuant to 57 O.S. 2011 §566.4, compliance with the notice provisions of the Governmental Tort Claims Act (GTCA) is required for a prisoner, or former prisoner, to bring a tort action against a private correctional facility.[1] The notice required by the GTCA is a mandatory prerequisite jurisdictional requirement[2] to filing a claim for tort damages. [3] Because Hall did not comply with the notice requirements and the notice of claim requirement of the GTCA is only tolled for 90 days due to incapacity from an injury, the cause must be dismissed as untimely filed.[4]

FACTS

¶2 The Oklahoma Department of Corrections (DOC) admitted the plaintiff/appellant, Walter Hall (Hall) as an inmate in April of 2010, after his convictions for failing to comply with the sex offender registry and falsely impersonating another person. While in DOC custody, Hall suffered a head injury from a fall at a hospital while he was being examined for alleged chest pains. As a result of the fall, Hall suffered a subdural hematoma which required surgery. He received a metal plate surgically implanted over his brain. After the surgery, he contracted a staphylococcus infection, the metal plate was removed, and he was confined to a wheelchair.

¶3 On April 28, 2010, DOC transferred Hall to a private correctional facility owned and operated by the defendant/appellee, GEO in Lawton, Oklahoma. On September 7, 2010, GEO transported Hall in a van to Oklahoma City for medical treatment. His feet and hands were shackled, but his wheelchair was not restrained or secured to the van. When the driver moved the van abruptly, the wheelchair toppled over. Hall allegedly injured his shoulder and chest, and he contends that he lost consciousness and re-injured the hematoma.

¶4 GEO diverted the van to the local emergency room at Southwestern Medical Center Hospital in Lawton, Oklahoma, where Hall was examined, treated for a headache, and returned to the prison. The emergency room exam found no signs of visible injury or distress.[5] After he returned to the prison, Hall complained of being unable to sleep and having very bad headaches. At some point later, Hall alleges that he had surgery on his shoulder and that the injury to his chest was not timely addressed and now his chest is deformed. Hall was transferred to the minimum security facility, John H. Lilley Correctional Center in Boley, Oklahoma, on February 17, 2011, and released from confinement in September of 2011.

¶5 On June 18, 2012, Hall filed a lawsuit in the district court of Oklahoma County, alleging that the employees of GEO were negligent when they did not strap his wheelchair in the van to prevent it from toppling over and injuring him. GEO filed a motion to dismiss on July 10, 2012, arguing that: 1) pursuant to 12 O.S. 2011 §95(11),[6] an inmate is required to bring a claim for injury within one year from the date the injury occurred; and 2) because the incident occurred on September 7, 2010, Hall's opportunity to bring his lawsuit expired on September 7, 2011, nearly a year before he actually filed the lawsuit.

¶6 Hall responds that: 1) he was under a legal disability until sometime after he was released from confinement in 2011, which prevented the running of the statute of limitations pursuant to 12 O.S. 2011 §96;[7] and 2) even if he were not under such a disability, the one-year statute of limitations for inmates is an unconstitutional special law[8] and which violates the equal protection clauses of both the state and federal Constitutions.[9]

¶7 Neither party noted the application of 57 O.S. 2011 §566.4. It requires compliance with the notice provisions of the Governmental Tort Claims Act (GTCA) when a prisoner or former prisoner brings a tort action against a private correctional facility.[10] On December 3, 2012, the trial court overruled GEO's motion to dismiss.[11] On May 3, 2103, GEO filed a motion for summary judgment, arguing that the action was untimely and that administrative remedies were not properly exhausted.

¶8 Hall responded that: 1) the administrative remedies provided to inmates were nothing more than an "offender grievance process" intended to provide answers to inmate questions, not to provide compensation for medical bills and pain and suffering; and 2) he was under a legal disability which tolled the statute of limitations. Hall also, again, argued that, in the event the statute of limitation period was not tolled, the one year limitation period applicable only to inmates was an unconstitutional special law and it violates equal protection.

¶9 On September 6, 2013, the trial court granted GEO's motion for summary judgment and entered judgment in favor of GEO. Hall appealed to this Court on October 3, 2013. We retained the cause on November 13, 2013. On January 23, 2014, we ordered both parties to brief simultaneously the applicability of 57 O.S. 2011 §566.4B(2) [12] and the briefing was completed on February 7, 2014.

¶10 PURSUANT TO THE GTCA, 57 O.S. 2011 §566.4, THE NOTICE PROVISIONS OF THE GTCA APPLY TO TORT ACTIONS BROUGHT BY PRISONERS AND FORMER PRISONERS AGAINST PRIVATE CORRECTIONAL FACILITIES. NOTICE IS A MANDATORY PREREQUISITE TO FILING A CLAIM FOR TORT DAMAGES AND THERE HAS BEEN NO COMPLIANCE WITH THE GTCA. BECAUSE NOTICE OF A CLAIM IS ONLY TOLLED 90 DAYS DUE TO INCAPACITY FROM INJURY, THE CAUSE MUST BE DISMISSED AS UNTIMELY FILED.

¶11 Neither party noted the existence or applicability of 57 O.S. 2011 §566.4 which applies the notice provisions of the GTCA to lawsuits brought by prisoners or former prisoners against private correctional facilities.[13] GEO contends that it is dispositive of this cause, but Hall argues that because GEO did not raise the statute's applicability and the trial court did not apply it, the statute should not be applicable to this appeal.

¶12 Not only do we take judicial notice of the statute,[14] but jurisdictional inquires may be made by the courts at any stage of the proceedings.[15] This Court is duty bound to inquire into its own jurisdiction and the jurisdiction of the court below from which the case came by appeal.[16] This duty exists even if it is not raised by the parties.[17]

¶13 Compliance with the statutory notice provisions of the GTCA is a jurisdictional requirement to be completed prior to the filing of any pleadings.[18] The record before us does not show that Hall has complied with the notice provisions of the GTCA, nor does he allege that he has complied. In addition to the applicability of §566.4, 57 O.S. 2011 §566.5 provides that complete exhaustion of statutory remedies against private correctional facilities is jurisdictional.[19] Based on the record provided, and the plain and unambiguous requirements of 57 O.S. 2011 §566.4[20] and §566.5,[21] the district court had no jurisdiction over the tort claims asserted in Hall's lawsuit and properly granted the defendant's motion for summary judgment.

¶14 Because we determine that the GTCA is controlling and the one year limitation period of 12 O.S. 2011 §96 is inapplicable to this cause, we need not address Hall's constitutional challenges to §96.[22] However, Hall also argues that the notice and limitation provisions of the GTCA also violate equal protection and are an unconstitutional special law.[23] This argument is unconvincing because by extending the notice provisions of the GTCA to private prisons, the Legislature has ensured equal treatment between plaintiffs who are or were confined in state owned prisons with those who are or were confined in private prisons as well as any other plaintiff who has a tort claim against a governmental entity. Furthermore, we have already upheld the GTCA under equal protection and special law challenges to the dichotomy it creates between plaintiffs.[24]

¶15 As for Hall's claims of tolling because he was under a legal disability[25] we have previously held that where the GTCA includes specific provisions, the general statute of limitations does not apply.[26] In Cruse v. Board of County Commissioners of Atoka County, 1995 OK 143, ¶16, 910 P.2d 998, the Court held that only where valid notice had been given and the claim had been timely filed, invoking the court's power, could the broad terms of the general savings statute 12 O.S. 1991 §100 apply.[27] The notice provisions of the GTCA limit tolling due to incapacity from injury to 90 days.[28]

¶16 The GTCA gave Hall, at most, one year to file his lawsuit. [90 days for the prison to deny a claim, 180 days to bring an action after a claim is denied, and 90 days tolled for incapacity due to injury]. Even if the general tolling provisions of 12 O.S. 2011 §96[29] applied to the GTCA, this action cannot be maintained under these facts because timely compliance with the GTCA was crucial to invoking the jurisdiction of the district court.

¶17 We need not address the arguments regarding whether exhaustion of GEO's grievance procedures[30] is applicable to Hall's claim,[31] because the action was untimely. It was commenced two years and two months after the injury occurred. When possible, an appellate court must hand down that judgment, which in its opinion, the trial court should have rendered.[32] If the trial court reaches the correct result but for the wrong reason, its judgment is not subject to reversal.[33] Rather, the Court is not bound by the trial court's reasoning and may affirm the judgment below on a different legal rationale.[34] Accordingly, we affirm the trial court's grant of summary judgment, but do so on the basis that the cause must be dismissed as untimely filed.

CONCLUSION

¶18 Neither party noted the existence of 57 O.S. 2011 §566.4,[35] nor did the trial court rely on the statute to decide the cause. If the trial court reaches the correct result but for the wrong reason, its judgment is not subject to reversal.[36] Rather, the Court is not bound by the trial court's reasoning and may affirm the judgment below on a different legal rationale.[37]

¶15 Pursuant to 57 O.S. 2011 §566.4, compliance with the notice provisions of the Governmental Tort Claims Act (GTCA) is required to bring a tort action against a private correctional facility. The notice required by the GTCA is a mandatory prerequisite to filing a claim for tort damages and it is a jurisdictional requirement. Nothing in the record indicates compliance with the GTCA, nor has the plaintiff alleged that he has complied with the GTCA. Because the notice of claim requirement of the GTCA is only tolled 90 days due to incapacity from an injury, the cause must be dismissed as untimely filed.


TRIAL COURT AFFIRMED.
CAUSE DISMISSED.



ALL JUSTICES CONCUR.



FOOTNOTES


[1] Title 57 O.S. 2011 §566.4 provides in pertinent part:

A. No action may be brought in a court of this state by a prisoner or former prisoner for mental or emotional injury allegedly suffered while under arrest, being detained, or in custody or incarcerated without a prior showing of actual physical injury. . . .

B. . . .2. No tort action or civil claim may be filed against any employee, agent, or servant of the state, the Department of Corrections, private correctional company, or any county jail or any city jail alleging acts related to the duties of the employee, agent or servant, until all of the notice provisions of the Governmental Tort Claims Act [FN1] have been fully complied with by the claimant. This requirement shall apply to any claim against an employee of the state, the Department of Corrections, or any county jail or city jail in either their official or individual capacity, and to any claim against a private correctional contractor and its employees for actions taken pursuant to or in connection with a governmental contract. (Emphasis supplied).

[FN1] Title 51, §§151 et seq.

Unless statutes have changed since the date of Hall's accident, references in this opinion are to the current versions. Hall's argument that this statute only applies to tort actions that arise out of the governmental contracts is contrary to the plain language of the statute when read as a whole. See, Welch v. Crow, 2009 OK 20, ¶10, 206 P.3d 599.



[2] Harmon v. Cradduck, 2012 OK 80, ¶28, 286 P.3d 643 [ Notice is a jurisdictional prerequisite to bringing an action under the GTCA. Failure to present written notice as required by the GTCA results in a permanent bar of any action derivative of the tort claim.]. Title 57 O.S. 2011 §566.5 provides that complete exhaustion of statutory remedies against private correctional facilities is jurisdictional. It provides:

In any legal proceeding filed by an inmate, full and complete exhaustion of all administrative and statutory remedies on all potential claims against the state, the Department of Corrections, private entities contracting to provide correctional services, or an employee of the state or the Department of Corrections is a jurisdictional requirement and must be completed prior to the filing of any pleadings.



[3] Title 57 O.S. 2011 §566.4, see note 1, supra. Compliance with the notice provisions of the GTCA is a condition precedent to suit. Duncan v. City of Nichols Hills, 1996 OK 16, ¶14, 913 P.2d 1303; Gurley v. Memorial Hosp. of Guymon, 1989 OK 34, ¶6, 770 P.2d 573.



[4] The notice provisions of the Governmental Tort Claims Act are provided by 51 O.S. 2011 §§156 and 157. Section 156 sets forth written notice requirements and provides a one year limitation period which can be tolled due to incapacity. It provides in pertinent part:

A. Any person having a claim against the state or a political subdivision within the scope of Section 151 et seq. of this title shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages.

B. Except as provided in subsection H of this section, and not withstanding any other provision of law, claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs.

C. A claim against the state shall be in writing and filed with the Office of the Risk Management Administrator of the Office of Management and Enterprise Services who shall immediately notify the Attorney General and the agency concerned and conduct a diligent investigation of the validity of the claim within the time specified for approval or denial of claims by Section 157 of this title. A claim may be filed by certified mail with return receipt requested. A claim which is mailed shall be considered filed upon receipt by the Office of the Risk Management Administrator.

D. A claim against a political subdivision shall be in writing and filed with the office of the clerk of the governing body.

E. The written notice of claim to the state or a political subdivision shall state the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address and telephone number of the claimant, the name, address and telephone number of any agent authorized to settle the claim, and any and all other information required to meet the reporting requirements of the Medicare Secondary Payer Mandatory Reporting Provisions in Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA) through the Centers for Medicare & Medicaid Services (CMS). Failure to state either the date, time, place and circumstances and amount of compensation demanded, or any information requested to comply with the reporting claims to CMS under MMSEA shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision. The time for giving written notice of claim pursuant to the provisions of this section does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity. 

. . . (Emphasis supplied)

Section 157 provides:

A. A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. If the state or a political subdivision approves or denies the claim in ninety (90) days or less, the state or political subdivision shall give notice within five (5) days of such action to the claimant at the address listed in the claim. If the state or political subdivision fails to give the notice required by this subsection, the period for commencement of an action in subsection B of this section shall not begin until the expiration of the ninety-day period for approval. The claimant and the state or political subdivision may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial unless agreed to in writing by the claimant and the state or political subdivision.

B. No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section. The claimant and the state or political subdivision may agree in writing to extend the time to commence an action for the purpose of continuing to attempt settlement of the claim except no such extension shall be for longer than two (2) years from the date of the loss.



[5] The Attending Physician Note dated 9/7/2010 is attached to the Defendant's Motion for Summary Judgment and it provides in pertinent part:

Physical Examination:
General Appearance: Development: well developed and appears stated age. Level of Distress: in no distress. Level of consciousness: alert and awake.
HEENT: Scalp: atraumatic Head: No signs of trauma. Nose: No epistaxis. Pharynx: normal.
Neck: Trachea: midline. Jugular Veins: flat at 45 degrees on stretcher. Bony structures: No tenderness to palpation.
Respiratory: Chest inspection: No use of accessory muscles or intercostal retractions. Breath sounds: normal in all lung fields. Adventitious sounds: none.
Cardiovascular: Heart rate: normal, Heart rhythm: regular. Cardiac murmurs: none. Cartoid arteries: full and equal bilaterally. Abdominal aorta: No pulsatile mass or bruit. Popiteal arties: both equal to palpation. Dorsallis pedis arteries: present and equally bilaterally.
Gastrointestinal: Palpation of Abdomen: NO tenderness or guarding.
Musculoskeletal: Sternochondral junctions: nontender.
Neurologic: Provocative testing: gait not tested. CN3: pupillary light response normal bilaterally. CN5: facial sensations normal bilaterally. CN8: Normal hearing for age. CN 9-10: soft palate movements elevates normally. CN 12: toungue protrusion in midline. Motor examination: moves arms and legs spontaneously. Sensory examination: light touch intact arms and legs.
Psychiatric: Orientation: oriented to person to place to time situation. (Emphasis in original).



[6] Title 12 O.S. 2011 §95 provides in pertinent part:

. . .11. All actions filed by an inmate or by a person based upon facts that occurred while the person was an inmate in the custody of one of the following:

a. the State of Oklahoma,

b. a contractor of the State of Oklahoma, or

c. a political subdivision of the State of Oklahoma,

to include, but not be limited to, the revocation of earned credits and claims for injury to the rights of another, shall be commenced within one (1) year after the cause of action shall have accrued; . . .



[7] Title 12 O.S. 2011 §96 provides:

If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed, except that, after the effective date of this section, an action for personal injury to a minor under the age of twelve (12) arising from medical malpractice must be brought by the minor's parent or guardian within seven (7) years of infliction of the injury, provided a minor twelve (12) years of age and older must bring such action within one (1) year after attaining majority, but in no event less than two (2) years from the date of infliction of the injury, and an action for personal injury arising from medical malpractice to a person adjudged incompetent must be brought by the incompetent person's guardian within seven (7) years of infliction of the injury, provided an incompetent who has been adjudged competent must bring such action within one (1) year after the adjudication of such competency, but in no event less than two (2) years from the date of infliction of the injury.



[8] The Okla. Const. art. 5, §59 provides:

§ 59. Uniform operation of general laws - Special laws when general law applicable.

Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted.

The Okla. Const. art. 5, §46 provides:

The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law . . .



[9] The Okla. Const. art. 2, §2 provides:

All persons have the inherent right to life, liberty, the pursuit of happiness, and the enjoyment of the gains of their own industry.

The Fourteenth Amendment of the United States Constitution provides in pertinent part:

Section 1.

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. . . .



[10] Title 57 O.S. 2011 §566.4 see note 1, supra



[11] Hall had also alleged that his claim survives under a §1983 action and its 2 year limitation period. In the order overruling GEO's motion to dismiss, the trial court also granted Hill 10 days to amend his petition to plead a §1983 action. However, the record presented on appeal does not reflect that this was ever done. Accordingly, any questions regarding a §1983 action are not before the Court in this cause.



[12] Title 57 O.S. 2011 §566.4 see note 1, supra.



[13] Title 57 O.S. 2011 §566.4 see note 1, supra.



[14] Title 12 O.S. 2011 §2201 provides in pertinent part;

A. Judicial notice shall be taken by the court of the common law, constitutions and public statutes in force in every state, territory and jurisdiction of the United States....



[15] Jurisdictional inquiries into judicial cognizance may be considered and examined at any stage of the proceedings, either on motion or sua sponte. In re Oklahoma Boll Weevil Eradication Organization, 1999 OK 1, ¶7, fn. 22, 976 P.2d 1035; Lincoln Bank and Trust Co. v. Okla. Tax Com'n, 1992 OK 22, ¶6, fn. 14, 827 P.2d 1314, 1318; Fields v. A & B Electronics, 1990 OK 7, ¶4, 788 P.2d 940, 941; Baylis v. City of Tulsa, 1989 OK 90, ¶6, 780 P.2d 686, 688; Luster v. Bank of Chelsea, 1986 OK 74, ¶13,730 P.2d 506, 508.



[16] Broadway Clinic v. Liberty Mut. Ins. Co., 2006 OK 29, ¶25, 139 P.3d 873; Stites v. DUIT Const. Co., Inc., 1995 OK 69, ¶ 8, n. 10, 903 P.2d 293, 297; Lincoln Bank and Trust Co. v. Okla. Tax Comm'n, see note 15, supra; Cate v. Archon Oil Co., Inc., 1985 OK 15, ¶ 10, n. 12, 695 P.2d 1352, 1356, n. 12; Pointer v. Hill, 1975 OK 73, ¶ 14, 536 P.2d 358, 361.



[17] Broadway Clinic v. Liberty Mut. Ins. Co., see note 16, supra; United Airlines v. State Bd. of Equalization, 1990 OK 29, ¶7, 789 P.2d 1305. Hall relies on Hathaway v. State ex rel. Medical Research & Technical Authority, 2002 OK 53, 49 P.3d 740 and similar federal caselaw for the proposition that GEO did not invoke the provisions of the GTCA and raise it as an affirmative defense, application of the GTCA is waived. This reliance is misplaced. Hathaway addressed the repercussions of filing a notice of claim prematurely. Nor is this a case of substantial compliance because the notice of claim was not filed at all and the lawsuit was brought over 2 years after the incident occurred.



[18] Title 57 O.S. 2011 §566.5, see note 2, supra.



[19] Title 57 O.S. 2011 §566.5, see note 2, supra.



[20] Title 57 O.S. 2011 §566.4, see note 1, supra.



[21] Title 57 O.S. 2011 §566.5, see note 2, supra.



[22] 12 O.S. 2011 §96, see note 7, supra.



[23] The Okla. Const. art. 5, §59, see note 8, supra; The Okla. Const. art. 5, §46, see note 8, supra; The Okla. Const. art. 2, §2 , see note 9, supra; The Fourteenth Amendment of the United States Constitution, see note 9, supra.



[24] Anderson v. Eichner, 1994 OK 136, ¶20, 890 P.2d 1329; Wilson v. Gipson, 1998 OK 35, ¶14, 753 P.2d 1349; Childs v. State ex rel. Okla. State Univ., 1993 OK 18, ¶20, 848 P.2d 571, cert. denied 114 S.Ct. 92, 510 U.S. 827, 126 L.Ed.2d 60. It has also withstood challenges to the notice provisions as being a special law. Jarvis v. City of Stillwater, 1987 OK 5, ¶6, 732 P.2d 470; Black v. Ball Janitorial Service, Inc., 1986 OK 75, ¶13, 730 P.2d 510; Reirdon v. Wilburton Bd. of Ed., 1980 OK 67, ¶4, 611 P.2d 239.



[25] Title 12 O.S. 2011 §96, see note 7, supra.



[26] Rout v. Crescent Public Works Authority, 1994 OK 85, ¶8, 878 P.2d 1045 [The limitations within the GTCA control over general statutory law.]; Shanbour v. Hollingsworth, 1996 OK 67, ¶1, 918 P.2d 73 [General provisions of 12 O.S. 1991 §2006(B)(2) relating to excusable neglect are not applicable to GTCA]: Johns By and Through Johns v. Wynnewood School Bd. of Education, 1982 OK 101, ¶7, 656 P.2d 248 [Provisions of 12 O.S. 1981 §96 do not apply to extend the time to give notice of a claim on behalf of a minor.]. See also, although not precedential, Tyler By and Through Tyler v. Board of County Com'rs of Kay County, 1996 OK CIV APP 31, ¶9, 915 P.2d 951 said:

In this action, Tyler did not timely file her action in district court. Thus, the district court's power was not invoked and the action was still under the manta of the Act, not controlled by the general laws of this state, including 12 O.S. 1991 § 96 . The trial court did not err in declining to apply that section to Tyler's action.

See also, Duncan v. City of Nichols Hills, 1996 OK 16, ¶30, 913 P.2d 1303 [GTCA did not apply where specific provisions of employment discrimination claims were brought under anti-discrimination act 25 O.S. 1991 §1101]; United Brick & Tile Co. v. Roy, 1960 OK 174, ¶10, 356 P.2d 107 [General statute of limitations is not applicable to claims under the Workmen's Compensation Act.



[27] Cruse v. Board of County Commissioners of Atoka County, 1995 OK 143, ¶18, 910 P.2d 998, [Section 100 permits the refiling of a governmental tort claims action only where the court's power has been invoked by the original action.]



[28] Title 51 O.S. 2011 §156, see note 4, supra.



[29] Title 12 O.S. 2011 §96, see note 7, supra.



[30] We express no opinion on the exhaustion of administrative remedies as applied to GEO's grievance procedure. However, we note that, although not precedential, the Court of Civil Appeals has recognized exhaustion is required for non-tort claims. Burghart v. Corrections Corporation of America, 2009 OK CIV APP 76, ¶14, 224 P.3d 1278; Simmons v. Corrections Corporation of America, 2006 OK CIV APP 13, ¶13, 130 P.3d 305.

Title 57 O.S. 2011 §566.5 provides in pertinent part:

In any legal proceeding filed by an inmate, full and complete exhaustion of all administrative and statutory remedies on all potential claims against the state, the Department of Corrections, private entities contracting to provide correctional services, or an employee of the state or the Department of Corrections is a jurisdictional requirement and must be completed prior to the filing of any pleadings.



[31] Title 57 O.S. 2011 §564 provides in pertinent part:

An inmate in the custody of the Department of Corrections shall completely exhaust all available administrative remedies on all potential claims against the state, any governmental entity, the Department of Corrections, a private company providing services to the Department of Corrections, or an employee of the state, any governmental entity, the Department of Corrections, or a private company providing services to the Department of Corrections prior to initiating an action in district court. Upon release from custody an inmate shall be barred from bringing any action for a claim arising during custody or incarceration in which the inmate has failed to exhaust all administrative remedies.



[32] Dixon v. Bhuiyan, 2000 OK 56, ¶9, 10 P.3d 888.



[33] Dixon v. Bhuiyan, see note 32, supra; In the Matter of the Estate of Bartlett, 1984 OK 9, ¶4, 680 P.2d 369.



[34] Dixon v. Bhuiyan, see note 32, supra; McMinn v. City of Oklahoma City, 1997 OK 154, ¶11, 952 P.2d 517.



[35] Title 57 O.S. 2011 §566.4, see note 1, supra.



[36] Dixon v. Bhuiyan, see note 32, supra; In the Matter of the Estate of Bartlett, see note 33, supra.



[37] Dixon v. Bhuiyan, see note 32, supra; McMinn v. City of Oklahoma City, see note 34, supra.









 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2006 OK CIV APP 13, 130 P.3d 305, SIMMONS v. CORRECTIONS CORPORATION OF AMERICA
Discussed 2009 OK CIV APP 76, 224 P.3d 1278, BURGHART v. CORRECTIONS CORPORATION OF AMERICA
Discussed 1996 OK CIV APP 31, 915 P.2d 951, 67 OBJ 1608, Tyler By and Through Tyler v. Board of County Com'rs, County of Kay
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1986 OK 74, 730 P.2d 506, 57 OBJ 2977, Luster v. Bank of Chelsea
Discussed 1986 OK 75, 730 P.2d 510, 57 OBJ 3023, Black v. Ball Janitorial Service, Inc.
Discussed 1987 OK 5, 732 P.2d 470, 58 OBJ 273, Jarvis v. City of Stillwater
Discussed 1988 OK 35, 753 P.2d 1349, 59 OBJ 950, Wilson v. Gipson
Cited 1989 OK 34, 770 P.2d 573, 60 OBJ 626, Gurley v. Memorial Hosp. of Guymon
Discussed 1989 OK 90, 780 P.2d 686, 60 OBJ 1516, Baylis v. City of Tulsa
Discussed 1990 OK 7, 788 P.2d 940, 61 OBJ 251, Fields v. A & B Electronics
Discussed 1990 OK 29, 789 P.2d 1305, 61 OBJ 854, United Airlines, Inc. v. State Bd. of Equalization
Discussed 1992 OK 22, 827 P.2d 1314, 62 OBJ 3115, Lincoln Bank and Trust Co. v. Oklahoma Tax Com'n
Discussed 1993 OK 18, 848 P.2d 571, 64 OBJ 745, Childs v. State ex rel. Oklahoma State University
Discussed 1994 OK 85, 878 P.2d 1045, 65 OBJ 2433, Rout v. Crescent Public Works Authority
Discussed 1994 OK 136, 890 P.2d 1329, 65 OBJ 4037, Anderson v. Eichner
Discussed 1960 OK 174, 356 P.2d 107, UNITED BRICK & TILE COMPANY v. ROY
Discussed 2002 OK 53, 49 P.3d 740, HATHAWAY v. STATE EX. REL. MEDICAL RESEARCH & TECHNICAL AUTHORITY
Discussed 1995 OK 69, 903 P.2d 293, 66 OBJ 2117, Stites v. Duit Const. Co., Inc.
Discussed 1995 OK 143, 910 P.2d 998, 66 OBJ 4005, Cruse v. Board of County Commissioners of Atoka County
Discussed at Length 1996 OK 16, 913 P.2d 1303, 67 OBJ 536, Duncan v. City of Nichols Hills
Discussed at Length 2006 OK 29, 139 P.3d 873, BROADWAY CLINIC v. LIBERTY MUTUAL INSURANCE CO.
Discussed 1996 OK 67, 918 P.2d 73, 67 OBJ 1844, Shanbour v. Hollingsworth
Discussed 2009 OK 20, 206 P.3d 599, WELCH v. CROW
Discussed 2012 OK 80, 286 P.3d 643, HARMON v. CRADDUCK
Discussed 1975 OK 73, 536 P.2d 358, POINTER v. HILL
Discussed 1980 OK 67, 611 P.2d 239, Reirdon v. Wilburton Bd. of Ed.
Discussed 1997 OK 154, 952 P.2d 517, 69 OBJ 42, McMINN v. CITY OF OKLAHOMA CITY
Discussed 1982 OK 101, 656 P.2d 248, Johns By and Through Johns v. Wynnewood School Bd. of Educ.
Discussed 1999 OK 1, 976 P.2d 1035, 70 OBJ 292, In re Oklahoma Boll Weevil Eradication Organization
Discussed 2000 OK 56, 10 P.3d 888, 71 OBJ 1890, DIXON v. BHUIYAN
Discussed 1984 OK 9, 680 P.2d 369, Estate of Bartlett, Matter of
Discussed 1985 OK 15, 695 P.2d 1352, Cate v. Archon Oil Co., Inc.
Discussed
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 95, Limitation of Other Actions
Discussed 12 O.S. 96, Person Under Legal Disability - Exceptions
Discussed at Length 12 O.S. 100, Limitation of New Action after Reversal or Failure Otherwise than on Merits
Cited 12 O.S. 2006, Time
Cited 12 O.S. 2201, Judicial Notice of Law
Cited
Title 25. Definitions and General Provisions Cite
Name
Level 25 O.S. 1101, Purposes - Construction
Cited
Title 51. Officers Cite
Name
Level 51 O.S. 156, Claims - Petition - Limitation of Actions - Notice - Wrongful Death
Discussed
Title 57. Prisons and Reformatories Cite
Name
Level 57 O.S. 566.5, Prisoner Cause of Actions - Exhaustion of Administrative and Statutory Remedies
Discussed at Length 57 O.S. 566.4, Prisoner Cause of Actions - Prohibited Actions - Venue - Special Report - Costs, Charges, Fees
Discussed at Length 57 O.S. 564, Exhaustion of Administrative Remedies
Cited